Joseph BRIDGE, Appellant (Petitioner),

v.

STATE of Wyoming, DEPARTMENT OF EMPLOYMENT, UNEMPLOYMENT INSURANCE COMMISSION, Appellee (Respondent).

No. 94-217.

Supreme Court of Wyoming.

June 6, 1995.

Richard H. Honaker, Honaker, Hampton & Newman, Rock Springs, for appellant.

Joseph B. Meyer, Atty. Gen., Cheyenne, and William L. Weaver, Asst. Atty. Gen., Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellant failed to name, join or serve his employer, Questar Pipeline Company, with a petition for judicial review of an administrative action. As a result, the district court dismissed the petition for lack of jurisdiction. We reverse.

## I. ISSUES

Appellant sets forth these issues for our review:

1. Is the failure to name and timely serve a party with a petition for judicial review of administrative action a jurisdictional defect requiring dismissal of the petition?

2. Even if dismissal were not required, did the district court abuse its discretion in dismissing the petition for review?

3. Did the district court abuse its discretion in denying Appellant's motion to amend his petition for review?

Appellee restates the issues:

1. Is the employer an indispensable party to a petition for review in an employee/employer contested case of a decision rendered by the Unemployment Insurance Commission?

2. Is the failure by an employee/appellant to timely join and serve his employer in a petition for review of a decision rendered in a contested case by the Unemployment Insurance Commission jurisdictional?

3. Did the appellate court err by not allowing the appellant to amend his petition for review after the time for filing the petition had expired pursuant to W.R.A.P. 12.04?

4. Did the appellate court abuse its discretion when it dismissed appellant's petition for review for failure to comply with W.R.A.P. 12?

## II. FACTS

Appellant, Joseph Bridge (Bridge), was employed by Questar Pipeline Company

(Questar) from August 9, 1979 to February 3, 1994. Working as a Senior Field Operator, Bridge experienced a series of accidents during his employment with Questar. In December 1993, Bridge had two accidents and was placed on six months probation. He was warned that another accident could be grounds for dismissal. During the six month probationary period, Bridge left a valve open that resulted in a methanol spill. Bridge's supervisors informed him that he would be terminated.

In February 1994, Bridge filed for unemployment benefits and his initial claim for benefits was allowed. Questar appealed the determination and the Chief Appeals Examiner of the Department of Employment, Employment Resources Division reversed the prior decision and disqualified Bridge from receiving unemployment benefits. Bridge then appealed the examiner's decision to appellee, the Department of Employment, Unemployment Insurance Commission (Commission).

The Commission affirmed the examiner's decision disqualifying Bridge from receiving unemployment benefits. Bridge then filed a petition for review to the district court. Bridge, as petitioner, named the Commission as respondent, but did not name Questar. The Commission filed a motion to dismiss the petition for review for failure "to timely join and serve a necessary and indispensable party * * *."

Questar, after receiving a copy of the petition for review, joined the Commission in its motion to dismiss. Bridge moved for leave to file and serve an amended petition for review which included Questar. The district court, on August 30, 1994, entered an order dismissing the petition for review based upon Bridge's failure to comply with the Wyoming Rules of Appellate Procedure. The district court also denied Bridge's motion for leave to amend the petition for review. Bridge appeals.

## III. DISCUSSION

Judicial review of an administrative decision is controlled by W.R.A.P. 12. The review process is instituted by filing a petition for review with the district court. W.R.A.P. 12.03. W.R.A.P. 12.06 states, in pertinent part:

The petition for review shall include:

(a) A concise statement showing jurisdiction and venue;

(b) The specific issues of law addressed to the district court for review;

(c) A brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose; and

(d) A copy of the agency decision shall be attached as an appendix.

Bridge's petition for review satisfied these requirements and was timely. See W.R.A.P. 12.04 (requiring the petition be filed within thirty days). Bridge, of course, failed to name, join or serve Questar in the initial petition for review. Due to this failure, the district court dismissed the petition for review for lack of jurisdiction. This decision was in error because Bridge's timely submission of a proper petition for review was sufficient to invoke the district court's jurisdiction. The fact that Bridge failed to name, join or serve Questar was not a jurisdictional defect requiring dismissal of the petition for review. Further, any procedural defect in the petition for review was remedied when Bridge, without unnecessary delay, served Questar with a copy of the petition for review. See W.R.A.P. 12.03.

## IV. CONCLUSION

The petition for review Bridge submitted was sufficient to invoke the district court's appellate jurisdiction under W.R.A.P. 12. Any procedural defect arising from Bridge's failure to name, join or serve Questar in the initial petition for review was remedied when Bridge served a copy of the petition for review upon Questar without unnecessary delay. The district court's order dismissing the petition for review is hereby reversed.