**Frank SHENEMAN, Appellant (Petitioner),**

v.

**DIVISION OF WORKERS' SAFETY AND COMPENSATION INTERNAL HEARING UNIT, Department Of Employment, State Of Wyoming, Appellee (Respondent).**

No. 97–150.

Supreme Court of Wyoming.

April 1, 1998.

Donald L. Painter, Casper, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, GOLDEN and LEHMAN, JJ., and DONNELL, District Judge.

DONNELL, District Judge.

The primary issue is whether the Internal Hearing Unit of the Division of Workers' Safety and Compensation (Division) was legally formed and whether it had jurisdiction to decide if Frank Sheneman's request for a hearing to contest the Division's final determination denying him worker's compensation benefits was timely. Frank Sheneman asserts the issue of timely filing was required to be heard by the Office of Administrative Hearings because the Workers' Compensation Rules and Regulations authorizing the Internal Hearing Unit were not in effect on the date of his injury. The two remaining issues ask whether the Internal Hearing Unit's finding was supported by substantial evidence and whether the procedure and order were in accordance with law. We affirm the district court's order which held the Division legally created the Internal Hearing Unit. We hold the Internal Hearing Unit had jurisdiction over the procedural determination and Frank Sheneman did not have a substantive right to a hearing before the Office of Administrative Hearings. In addition, we affirm the final agency order of the Department of Employment.

## I. ISSUES

Appellant, Frank Sheneman (Sheneman), presents these issues for review:

1. Whether an Internal Hearing Unit legally exists.

2. Whether the Internal Hearing Unit has jurisdiction to take the administrative action complained of.

3. Whether the Internal Hearing Unit can legally take action on an injury occurring prior to creation of the Internal Hearing Unit.

4. Whether the Findings of Fact are supported by substantial evidence.

5. Whether the Final Agency Order complained of is contrary to law.

The Division, as appellee, states the issues in this manner:

I. The Appellant has never served the Petition for Review or any of his briefs on the employer. Should this appeal be dismissed?

II. The Division made a rule authorizing a hearing within the Division to determine the timeliness of an Employee's objection:

A. Did the Division have authority to adopt the internal hearing procedure?

B. Was the application of the procedure to the Employee's pending case in accordance with law?

C. Was the Hearing Officer's decision supported by substantial evidence and in accordance with law?

## II. FACTS

On July 28, 1995,[1] Sheneman sustained an injury which he claims is compensable under the Wyoming Worker's Compensation Act. On August 23, 1995, the Division sent an Initial Review, Notice of Lack of Information to Sheneman, which provided, in pertinent part:

This is not a denial of benefits. The Workers' Compensation Division has received and reviewed your claim and needs the following information to make a determination:

* * *

d. The Division needs all medical records, notes/documentation for the past 5 years.

e. The employer has objected to this injury * * *.

Please contact your treating health care provider about submitting medical records for your injury.

Please provide the Division with the requested information on or before **September 19, 1995** and submit any other additional information you believe may be important to help determine whether or not benefits should be paid.

(Emphasis in original.)

Sheneman received the Initial Review three or four days after it was mailed and took it to his attorney who advised him to get a letter from his treating physician explaining the doctor's opinion regarding the injury. Sheneman contacted his physician and requested a letter. The doctor dictated the letter which was dated August 30, 1995. According to Sheneman, however, he did not receive it until October 18 due to a backlog of work at the doctor's office.

When the Division did not receive the information it requested by September 19, it issued its Final Determination on September 20, 1995, which stated in pertinent part:

The Workers' Compensation Division has reviewed your claim and issued an initial review dated August 23, 1995, requesting the information listed below and has yet to receive any of the information and has determined that we cannot approve payment of benefits for the following reason(s):

Benefits for employment-related coronary conditions except those directly and solely

---

1. The order in the Ninth Judicial District Court and Sheneman's petition for review state he was injured on July 28, 1995. Both counsel for Sheneman and the Division state in their appellate briefs, and Sheneman states in his testimony, he was injured on June 28, 1995. Regardless, the date is immaterial to our determination.

Counsel for Sheneman was generally careless about accuracy, stating many of these events took place in 1996 rather than 1995 and referring to Sheneman as appellee on one occasion. He also made bold statements but failed to cite to authority. He failed to attach the final agency order from this case to his appellate brief, but did attach a final agency order from a totally unrelated case.

caused by an injury, are not payable unless the employee establishes by competent medical authority that:

   * * *

   d.  The Division needs all medical records, notes/documentation for the past 5 years.

   e.  Your employer is still objecting to this injury.

Please contact your treating health care provider about submitting medical records for your injury.

Either the employee or the employer may object to this determination and request a hearing. Affected parties have a right to a hearing before a hearing examiner as provided by the Wyoming Workers' Compensation Act and to legal representation. We must receive a written request, stating your reason(s) for objecting on or before **October 16, 1995.** If a timely written request for hearing is not filed with this division, the final determination by the Division pursuant to W.S. 27–14–601(k)[2] shall not be subject to further administrative or judicial review.

(Emphasis in original.)

According to Sheneman, the August 30, 1995 letter from his physician, received on October 18, 1995, stated in part:

In summary, it appears that the patient does have labile hypertension. Any type of stress will exacerbate the situation and cause more myocardial ischemia and the angina symptoms that he developed. Based on the patient's symptoms and activity at the time of his angina, it appears that the most recent hospitalization and evaluation were stress related and occurred while on the job. This certainly appears to be work related on this particular occasion. He is currently undergoing intensive medical treatment to improve his hypertension, therefore, improve the risk of having further anginal symptoms.

Sheneman took the letter to his attorney who forwarded the physician's letter along with a cover letter to the Division. The Division received both letters on October 19, 1995.

The Division issued a Notification of Late Response to Final Determination to Sheneman on October 24, 1995, which said:

The Division has received your response to our Final Determination dated September 20, 1995. The response was due in our office no later than October 16, 1995 and was not received by the Division until October 19, 1995. (Wyoming Statute 27–14–601(k)(iv)).

If timely written request for hearing is not filed, the final determination by the Division shall not be subject to further administrative or judicial review pursuant to W.S. 27–14–601(k)(vi).

The Division will not be referring this matter to hearing.

Sheneman took the Notification of Late Response to Final Determination to a new attorney who wrote a letter dated November 1, 1995 to the Division. The letter explained that Sheneman's response was late because he was waiting to receive a medical report from his doctor who was out of town. The letter included a request that the matter be referred to the Office of Administrative Hearings.

The Division granted Sheneman a hearing before its Internal Hearing Unit to consider the timeliness of his written objection. Following the hearing by the officer of the Internal Hearing Unit, the Division issued its Hearing Officer's Report and Recommended Findings of Facts, Conclusions of Law, and Order on July 15, 1996. The Hearing Officer's Report stated, in pertinent part:

### RECOMMENDED FINDINGS OF FACT

1.  Respondent issued a Final Determination dated September 20, 1995 * * *;

2.  Respondent mailed the Final Determination to Frank Sheneman, petitioner, at this correct address * * *;

3.  Petitioner received the Final Determination at the above address;

---

**2.**  Wyo. Stat. § 27–14–601(k)(vi) (Cum.Supp. 1995) provides:

   If timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review.

4. The Final Determination required a response to be received by the Division on or before October 16, 1995;

5. The Final Determination advised the interested parties in pertinent part that: "... Either the employee or the employer may object to this determination and request a hearing. Affected parties have a right to a hearing before a hearing examiner as provided by the Wyoming Workers' Compensation Act and to legal representation. We must received [sic] a written request, stating your reason(s) for objecting on or before **October 16, 1995**. If a timely written request for hearing is not filed with this division, the final determination by the Division pursuant to W.S. 27–14–601(k) shall not be subject to further administrative or judicial review...."

6. The Division did not receive a written request from petitioner, objecting or requesting a hearing on or before October 16, 1995;

### RECOMMENDED CONCLUSIONS OF LAW

7. The Division's Final Determination dated September 20, 1995, properly advised the petitioner of the deadlines for a timely response pursuant to W.S. §§ 27–14–601(k)(iv) (15 working days) and Ch. 1 § 4(c) of the Rules and Regulations (3 additional working days following notice sent by mail);

8. The Division's Final Determination dated September 20, 1995, properly advised petitioner of his rights pursuant to W.S. § 27–14–601(k)(iii);

9. The petitioner did not respond to the Division's Final Determination within the time allowed by law;

10. The Final Determination is not subject to further administrative or judicial review pursuant to W.S. § 27–14–601(k)(vi).

(Emphasis in original.)

Sheneman filed a Petition for Review of the Department of Employment's Final Agency Order to the Ninth Judicial District Court. That court issued its order affirming the agency decision on April 22, 1997.

Sheneman appeals from the district court's order.

## III. STANDARD OF REVIEW

This court's review of administrative action or inaction is confined to the record and is limited by W.R.A.P. 12.09(a) to those matters specified in Wyo. Stat. § 16–3–114(c) (1997). The statute provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

\* \* \*

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ We do not afford deference to the reviewing court's findings.

[W]e do, however, "afford respect and deference to an administrative agency's findings of fact *if they are supported by substantial evidence. Aanenson v. State ex rel. Wyoming Worker's Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992) (*quoting State ex rel. Wyoming Worker's Compensation Div. v. White*, 837 P.2d 1095, 1098 (Wyo.1992)). *'Substantial evidence' is a term of art, best described as 'relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion.' Casper Oil Co. v. Evenson*, 888 P.2d 221, 224 (Wyo.1995). Further, we consider only that evidence favoring the party prevailing below, leaving out of consideration conflicting evidence. *Wyoming Steel and Fab, Inc. v. Robles*, 882 P.2d 873, 876 (Wyo.1994) (*quoting Matter of Injury to Carpenter*, 736 P.2d 311, 312 (Wyo.1987)). \* \* \* Unlike its findings of fact, however, an administrative agency's conclusions of law are afforded no special deference, and will be affirmed only if truly in accord with the law. *Matter of Cordova*, 882 P.2d 880, 882 (Wyo.1994). *See also* Wyo. Stat. § 16–3–114(c)."

*Haagensen v. State ex rel. Wyoming Workers' Compensation Div.*, 949 P.2d 865, 867

(Wyo.1997) (*quoting Coleman v. State ex rel. Wyoming Workers' Compensation Div.*, 915 P.2d 595, 598 (Wyo.1996)) (emphasis added).

## IV. ANALYSIS

### A. INTERNAL HEARING UNIT

■ Sheneman asserts three complaints regarding the Internal Hearing Unit. First, he argues the Internal Hearing Unit was created illegally because the Division was "not empowered to adopt rules and regulations to deal with the resolution of contested matters that are not required to be heard by the [Office of Administrative Hearings] including agency review of claimed late filings."[3] The Division points to Wyo. Stat. § 16–3–112(a) and (e) (1997) of the Wyoming Administrative Procedure Act as well as Wyo. Stat. § 27–14–802(a) (Cum.Supp.1995) for the authority of the Division to promulgate the Workers' Compensation Rules and Regulations.

In *Painter v. State ex rel. Wyoming Worker's Compensation Div.*, 931 P.2d 953, 955 (Wyo.1997), this court addressed the precept of *pari materia*:

> We have often stated the precept that the worker's compensation statutory scheme should be construed as a whole, its component parts in pari materia. *Newton v. State ex rel. Workers' Compensation Div.*, 922 P.2d 863, 865 (Wyo.1996); *Little America Refining Co. v. Witt*, 854 P.2d 51, 55 (Wyo.1993).

Sheneman's claim that the Division lacked authority to promulgate rules and regulations under these circumstances is unfounded. First, Sheneman's argument focuses on the specific enumerations of Wyo. Stat. § 27–14–802(a). He omits any reference to the permissive language of the first sentence that empowers the Division to adopt rules and regulations:

> *The director may adopt rules and regulations for administration of this act.* The director shall by rule and regulation establish for qualification of resident and non-

resident employers, provide for advance payments of employer premiums under W.S. 27–14–202(e), provide fee schedules for all medical and hospital care rendered injured employees and for the establishment of the state's average monthly wage. Changes in any rule or regulation adopted under this subsection shall be considered only at quarterly intervals.

Wyo. Stat. § 27–14–802(a) (emphasis added).

Other provisions in the Wyoming Administrative Procedure Act mandate that the Division, as an agency, promulgate rules and regulations:

> (a) In addition to other rulemaking requirements imposed by law, each agency *shall:*
>
> (i) *Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available in connection with contested cases* [.]

Wyo. Stat. § 16–3–102 (1997) (emphasis added).

In addition, Wyo. Stat. § 16–3–112 provides:

> (a) *If not otherwise authorized by law there shall preside at the taking of evidence in all contested cases the statutory agency, one (1) or more members of the body which comprises the agency, or an employee of the agency* or an employee of another agency designated by the agency to act as presiding officer. The functions of all those presiding in contested cases shall be conducted in an impartial manner. * * *
>
> * * *
>
> (e) When required by law an agency *shall* adopt rules and regulations providing a procedure for the use and the selection of an administrative hearing officer. *An agency shall not delegate the authority to make final decisions to an inde-*

---

**3.** Sheneman asserts the Office of Administrative Hearings is "the agency most capable of making such a determination * * * and certainly more impartially than Appellee's own employees making a determination of the correctness of the

action of other employees of the same agency." While Sheneman conjectures the Division could not be impartial, he does not argue or present any actual evidence that the presiding officer in the Internal Hearing Unit was in fact biased.

*pendent administrative hearing officer unless required by law.*

(Emphasis added.)

These provisions not only empower the Division to enact rules and regulations, but specifically authorize "one (1) or more members of the body which comprises the agency, or an employee of the agency" to take evidence in a contested case. Wyo. Stat. § 16–3–112(a). The Division is required to refer contested cases to a medical hearing panel of the Medical Commission or to the Office of Administration Hearings. Wyo. Stat. § 27–14–616 (Cum.Supp.1995). The Division chose to form the Internal Hearing Unit, comprised of members of its agency, to determine the timeliness of an apparent untimely filing for a hearing. Wyo. Stat. § 27–14–601(k)(vi) (Cum.Supp.1995); Wyoming Workers' Compensation Rules, Regulations and Fee Schedules, ch. 1, § 6 (Jan.1996).

Based on our examination of the Wyoming Worker's Compensation Act and the Wyoming Administrative Procedure Act as a whole, looking at the component parts as well as the purposes of the acts and underlying policy considerations, we hold that the Division had ample authority to form the Internal Hearing Unit. Additionally, we hold the Division was authorized to promulgate rules and regulations relating to the resolution of contested matters that are not required to be heard by the Medical Commission or the Office of Administrative Hearings, including agency review of claimed late filings.

Sheneman argues issues two and three together because they are one and the same. He complains the Internal Hearing Unit did not have jurisdiction because it was not in existence at the time he sustained his injury on June 28, 1995.[4] Sheneman cites *Starr v. Sunlight Ranches*, 890 P.2d 1096 (Wyo.1995), stating this court held that a hearing before the Office of Administrative Hearings is a substantive right fixed at the time of injury and that the Medical Commission, created by statute to hear certain worker's compensation cases, could not hear cases where the injury date preceded the creation of the Medical Commission. The Division states *Starr* is not controlling because a hearing before the Office of Administrative Hearings was expressly precluded in this case, absent a timely request for a hearing under Wyo. Stat. § 27–14–601(k)(iv).

This issue is resolved by determining whether Sheneman's complaint is substantive or procedural. We discussed the effect of a substantive law and procedural law in *Connors v. Connors*, 769 P.2d 336, 349 (Wyo. 1989):

> The question here is clearly one of procedural law, which has been defined as "those rules * * * *applicable in the administration of the remedies available* in cases of invasion of primary rights of individuals in Courts or other lawfully constituted tribunals and agencies[,]" *[State ex rel.] Frederick [v. District Court]*, 399 P.2d [583] at 585 [ (Wyo.1965) ] (*quoting Kellman v. Stoltz*, 1 F.R.D. 726, 728 (N.D.Iowa 1941)), providing "*the method of enforcing and protecting [the] duties, rights, and obligations as are created by substantive laws.*" *Frederick*, 399 P.2d at 585 (*quoting In Re McCombs' Estate*, 80 N.E.2d 573, 586 (Ohio 1948)). See also *McGuire v. McGuire*, 608 P.2d 1278, 1290 n. 15 (Wyo.1980). *More specifically, "'procedure' is the machinery for carrying on the suit, including pleading, process, evidence, and practice * * *[;] a statute relating to the proper method of obtaining jurisdiction in respective instances [is] a part of the law of procedure and not of substantive law.*" *Frederick*, 399 P.2d at 585.

(Emphasis added.)

The Division's rules and regulations forming the Internal Hearing Unit provided the machinery for carrying on the claim since Sheneman's request for a hearing on the merits was untimely. It is interesting to note that Sheneman would have had no right of review at all absent the rules and regulations of which he now complains. While Sheneman argues his request for hearing

---

4. Sheneman asserts the Division's rules and regulations did not authorize the Internal Hearing Unit until January 1, 1996, while the Division states the effective date was August 1, 1995. Regardless, both agree the rules and regulations became effective after Sheneman's injury.

should have been heard by the Office of Administrative Hearings, that remedy was and is expressly precluded by statute. Wyo. Stat. § 27–14–601(k)(vi) precludes review "[i]f timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review." The Division's rules and regulations relating to the proper method of obtaining jurisdiction in this instance are a part of the law of procedure and not of substantive law. *Starr,* 890 P.2d at 1096 is not controlling because the statute creating the Medical Commission related to a substantive right, not merely a procedural right.

Establishing the fact that the jurisdiction of the Internal Hearing Unit is procedural leads us to *State ex rel. Wyoming Workers' Compensation Div. v. Halstead,* 795 P.2d 760, 763 n. 7 (Wyo.1990), where we said:

> The State Fund cites W.S. 27–14–503(a) and 27–14–505. Those statutes were found in the prior law and are similar but not identical with the present provisions. *The 1986 recodification, effective June 23, 1986, is to be applied procedurally as long as a substantive right is not adversely affected.* *Owens v. Superior Court of Los Angeles County,* 52 Cal.2d 822, 345 P.2d 921 (1959). See also *Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, reh'g denied 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958) and 73 Am.Jur.2d *Statutes* § 354 at 490 (1974). Processing was handled under the hearing examiner administrative structure that was first created by the 1986 enactment. *Bemis v. Texaco, Inc.,* 400 P.2d 529, reh'g denied, 401 P.2d 708 (Wyo.1965) is not inapposite since the issue there concerned substantive rights and not procedural provisions changed by a newly enacted statute.

(Emphasis added.)

The Wyoming Workers' Compensation Rules and Regulations that became effective January 1, 1996 are to be applied procedurally as long as a substantive right is not adversely affected. After Sheneman failed to file a timely request for a hearing on the substantive issue of whether his coronary condition qualified for worker's compensation benefits, his only remaining complaint was the procedural question of whether or not he failed to file a timely request. Sheneman's substantive right was not adversely affected. We hold processing of claims is a procedural right that was properly conducted under the Internal Hearing Unit even though the Internal Hearing Unit was created after Sheneman's injury.

**B. SUBSTANTIAL EVIDENCE**

Sheneman asserts that the final determination was required to be answered by October 19 and he met that deadline. He calculates that the answer was to be received by the Division on October 16 and that three days are to be added if the notice is sent by mail.

The time limit within which a hearing must be requested is calculated according to the following statute and rule:

> Any interested party may request a hearing before a hearing examiner on the final determination of a division by filing a written request for hearing with the division within fifteen (15) days after the date the notice of final determination was mailed by the division.

Wyo. Stat. § 27–14–601(k)(iv). Wyoming Workers' Compensation Rules, Regulations and Fee Schedules, ch. 1, § 4(c) provides:

> *Computation of Time.* In determining the time prescribed by the Act for filing any notice, complaint, claim or other paper with the division, *only workdays shall be included in determining the time period; three (3) work days shall be added if the division serves by mail a notice which requires or authorizes action.*

(Emphasis added.)

The final determination was mailed Wednesday, September 20, 1995. September 21, the next working day, was the first day of the fifteen day period. Excluding weekends and adding three days for mailing, the correct deadline was Monday, October 16, the deadline stated in the Division's final determination. Sheneman erroneously accounted for mail by adding three work days plus three more work days for a total of six days, which is not provided for by law.

■ The following evidence supplied in the record supports Finding of Fact number 6 that the Division did not receive a written request on or before October 16, 1995 from Sheneman, objecting or requesting a hearing:

1. October 18, 1995: Letter from Sheneman's counsel stating that he had just "turned over to me the original of a letter signed by his physician * * *."

2. October 19, 1995: Date stamp of Division showing receipt of counsel's letter regarding the physician's August 30, 1995 letter.

3. November 1, 1995: Letter from Sheneman's current counsel explaining, "Mr. Sheneman has further explained to me that he sent his response on October 18, 2 days late, because he was waiting to receive a medical report that had been requested by Workers' Compensation."

4. January 10, 1996: Letter from Sheneman's current counsel stating "By letter of November 1, I advised you of our position with respect to Mr. Sheneman's 2–days' late filing due to the problems he had getting the medical report that was requested by the Division."

5. May 3, 1996: In a hearing by conference call, Sheneman's counsel stated, "It [the objection to the Final Determination] was a matter of a couple of days late."

6. June 28, 1996: In a hearing by conference call, Sheneman was asked if he "ever attempt[ed] to explain to anyone at Workmen's Comp that [he was] going to be late in responding because [he was] late in getting the letter from the doctor." Sheneman responded, "No, I wasn't aware that I had to notify them that I was going to be late."

7. Petition for Review states: "Petitioner understood, or misunderstood, that, since he was still attempting to get the information requested by Respondent from his physician, he had until that information was made available to him to present the information to Respondent. Accordingly, Petitioner did not respond to the Final Determination in accordance with its terms on or before October 16 and, instead, did so when, on October 18, 1995, Petitioner sent a copy of his attending physician's letter to Respondent, which was received by Respondent on October 19, 1995."

We find the calculation for receipt of the request on or before October 16, 1995 was correct and the Division's letter complied with the requirements of Wyo. Stat. § 27–14–601(j).[5] We hold the decision of the Department of Employment was based on substantial evidence, that is, "relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion." *Casper Oil Co. v. Evenson,* 888 P.2d 221, 224 (Wyo.1995).

### C. ACCORDANCE WITH LAW

Sheneman's final issue incorporates his previous arguments by reference and states that since Conclusion of Law number 9 is without observance of procedure required by law, the agency action is required to be set aside. Our previous holdings in this case cause us to hold that the agency decision is in accordance with law.

### D. DISMISSAL OF PETITION FOR REVIEW

■ The Division requests that this appeal be dismissed because Sheneman failed to serve his petition for review on the employer. The Division cites *Bridge v. State Dept. of Employment, Unemployment Ins. Com'n,* 896 P.2d 759 (Wyo.1995) for the proposition that failure to timely serve a copy of the petition for review on a party constitutes a procedural defect that must be remedied without unnecessary delay to comply with W.R.A.P. 12.03. Failure to do so requires this court to dismiss the appeal pursuant to W.R.A.P. 1.03.

---

5. Wyo. Stat. § 27–14–601(j) states:

Notice to any employee or his dependents under this section of a final determination by the division denying the compensability of an initial injury, a claim for medical or hospital care for which the employee or his dependents may be liable for payment or denying any impairment, disability or death benefit, shall include reasons for denial and a statement of the employee's or his dependents' rights to a hearing before a hearing examiner as provided by this act and to legal representation.

W.R.A.P. 1.03 addresses failure to comply with the Wyoming Rules of Appellate Procedure, and states:

> The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. *The failure to comply with any other rule of appellate procedure, or any order of court, does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: citation of counsel or a party for contempt; refusal to consider the offending party's contentions; assessment of costs; dismissal; or affirmance.*

(Emphasis added.) We reject the Division's invitation to dismiss this appeal. *Bridge,* 896 P.2d at 760 states: "The fact that Bridge failed to name, join or serve [his employer] was not a jurisdictional defect requiring dismissal of the petition for review." Here too, the fact that Sheneman failed to name, join or serve his employer was not a jurisdictional defect requiring dismissal of the petition for review. In addition, the issue of whether the Division had authority to establish the Internal Hearing Unit and whether the Internal Hearing Unit has jurisdiction in timeliness of filing determinations is important to previous and future Internal Hearing Unit determinations.

## V.  CONCLUSION

The Division had ample authority to form the Internal Hearing Unit and promulgate rules and regulations relating to the resolution of contested matters that are not required to be heard by the Medical Commission or the Office of Administrative Hearings, including agency review of claimed late filings. The processing of claims is a procedural right that was properly conducted under the Internal Hearing Unit, even though the Internal Hearing Unit was created after Sheneman's injury. Substantial evidence was presented to support the finding that Sheneman failed to timely file his written request. As such, he is not entitled to further administrative or judicial review on the merits. The final agency order is not contrary to law and we affirm the district court's order affirming the agency decision.