In the Matter of the Worker's Compensation Claim of Jonathan Scott POLL, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., DEPARTMENT OF EMPLOYMENT, DIVISION OF WORKERS' SAFETY AND COMPENSATION, Appellee (Respondent).

No. 97–122.

Supreme Court of Wyoming.

July 9, 1998

Michael J. Finn of Bussart, West, Rossetti, Piaia & Tyler, P.C., Rock Springs, for Appellant (Petitioner).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General, for Appellee (Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

* Chief Justice at the time of expedited conference.

THOMAS, Justice.

The essential issue in this appeal by Jonathan Scott Poll (Poll) is the lawfulness of the action of the Division of Workers' Safety and Compensation (Division) of the Department of Employment (Department) in referring the matter to the Department's Internal Hearing Unit (IHU). The Department referred the issue of the timeliness of Poll's response to a notification of a final determination by the Division to the IHU. That resulted in a Final Agency Order which denied further administrative review because Poll had failed to make a timely response to the Division's final determination. Poll sought review of the Final Agency Order, and the district court ruled that the Department had authority to adopt rules and regulations establishing the IHU and specifying its functions. The district court also held that neither the Division nor the Department was required to submit to the Office of Hearing Examiners the issue of timeliness of the filing of a response to a final determination. We recently considered substantially identical issues in *Sheneman v. Division of Workers' Safety and Compensation Internal Hearing Unit*, 956 P.2d 344 (Wyo.1998). We apply and follow the resolution in *Sheneman*, and affirm the Order of the district court.

In the Brief of Appellant, filed on behalf of Poll, these issues are raised:

1. The agency in this matter did not have authority to hold the hearing in this matter because it had not been granted the authority to do so by statute.

2. The hearing held below in this matter was conducted before a representative of the agency and thus violated the Claimant's constitutionally provided right of due process because Claimant was denied a fair and impartial hearing by the manner in which Claimant's claims were adjudicated by the agency.

3. The agency in this case violated its own rules in this case by holding a hearing pursuant to the APA rather than refer it to the Office of Administrative Hearings.

4. There was no jurisdiction of the agency to hold the hearing that was held

below in this matter before the agency's "Internal Hearing Unit" (IHU), because the Final Determination issued by the agency was insufficient on its face.

This Statement of the Issues is found in the Brief of Appellee:

The Division made a rule authorizing an Internal HearingUnit (IHU) to determine the timeliness of an Employee's objection:

A. Did the Division have authority to adopt the IHU procedure?

B. Was the application of the IHU procedure to the Employee's pending case in accordance with law?

C. Was the Hearing Officer arbitrary, capricious, or unfair?

D. Is the Division's Final Determination subject to review?

There is not an additional statement of issues in the Reply Brief, filed on behalf of Poll.

Poll was run over by a front-end loader at a road construction site on July 27, 1990. He suffered an injury to his leg from the accident, and as a result of the injury, his lower left leg was amputated. The Division awarded Poll $17,424.46 in permanent partial impairment benefits. On March 27, 1996, the Division issued a Final Determination of and Application for Loss of Earnings Benefit that informed Poll he was eligible for an additional $7,467.62 for a loss of earnings award. The Final Determination advised Poll that he had until April 2, 1996, to object to the Division's determination and request a hearing before the Office of Administrative Hearings. Poll received this notification, but he did not protest the determination until April 11, 1996.

On April 17, 1996, the Division issued a Notification of Late Response to Final Determination, which was sent to Poll. That document stated that Poll's request for a hearing was not timely, and the Final Determination was not subject to review. The Notification of Late Response to Final Determination also informed Poll that he could request a hearing on the issue of timeliness only, which had to be presented by May 10, 1996. Poll requested such a hearing, and the Division placed that request on the docket of the IHU, assigning a Division employee as the hearing officer.

The hearing before the IHU was held on July 9, 1996, and at the conclusion of that hearing, the hearing officer found that the Division did not receive a timely written request for a hearing, and the Final Determination was not subject to further review. The hearing officer's decision was confirmed by the Division in its Final Agency Order entered on August 9, 1996.

On September 10, 1996, Poll sought review of the Final Agency Order in the district court. Poll contended that the Department did not have the authority to hold the hearing before the IHU. On March 10, 1997, the district court affirmed the Final Agency Order ruling that the Department had authority to adopt rules and regulations establishing the IHU and that the Division had failed to receive a timely written request for a hearing. The district court affirmed the decision that the Final Determination was not subject to further review.

■■■ Our review of an agency order is governed by WYO. STAT. § 16–3–114(c) (1990) which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

\* \* \*.

When we consider an appeal from a review of agency action by the district court, we afford no special deference to the ruling of the district court. *B–F Drilling, Inc. v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 942 P.2d 392, 395 (Wyo.1997); *Manning v. State ex rel. Wyoming Worker's Compensation Div.*, 938 P.2d 870, 872 (Wyo. 1997). The interpretation and correct application of the Wyoming Workers' Compensation Act is a question of law which is accorded plenary review. *Wright v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 952 P.2d 209, 211 (Wyo.1998); *Painter v. State ex rel. Wyoming Worker's Compensation Div.*, 931 P.2d 953, 954 (Wyo. 1997). The agency's conclusion of law can only be affirmed if they are in accordance with the law. *State ex rel. Wyoming Worker's Compensation Div. v. Gerdes*, 951 P.2d 1170, 1173 (Wyo.1997); *Manning*, 938 P.2d at 873.

Poll contends in this Court that the decision of the hearing officer was invalid because the Division had no statutory authority to establish the IHU. In the alternative, Poll argues that even if the requisite authority to establish the IHU did exist, the decision should be vacated because the hearing officer was an employee of the agency. Poll contends that this procedure violated his constitutional right to due process before a fair and impartial tribunal. As a final matter, Poll asserts that the IHU lacked jurisdiction because the IHU was not in existence at the time of Poll's injury. Recently in *Sheneman*, we addressed all three of these issues.

■ We held that the authority for the Division to establish the IHU for the purpose of resolving issues of timeliness was derived from the power of the Division to adopt rules and regulations for the administration of the Worker's Compensation Act pursuant to WYO. STAT. § 27–14–802(a) (Supp.1995). *Sheneman*, 956 P.2d at 349–350. In addition, the Wyoming Administrative Procedure Act requires that each agency shall "[a]dopt rules of practice setting forth the nature and re-quirements of all formal and informal procedures available in connection with contested cases[.]" WYO. STAT. § 16–3–102(a)(i) (1990). We concluded in *Sheneman* that from these statutory provisions, the Division was vested with ample authority to form the IHU. *Sheneman*, 956 P.2d at 350. With respect to Poll's argument that his constitutional right to due process before a fair and impartial tribunal was violated when the hearing was held before a member of the agency staff, we examined the language of WYO. STAT. § 16–3–112 (1990) in *Sheneman*. The statute provides:

(a) **If not otherwise authorized by law there shall preside at the taking of evidence in all contested cases the statutory agency, one (1) or more members of the body which comprises the agency, or an employee of the agency** or an employee of another agency designated by the agency to act as presiding officer. The functions of all those presiding in contested cases shall be conducted in an impartial manner. \* \* \*

\* \* \*

(e) When required by law an agency shall adopt rules and regulations providing a procedure for the use and the selection of an administrative hearing officer. **An agency shall not delegate the authority to make final decisions to an independent administrative hearing officer unless required by law.**

*Sheneman*, 956 P.2d at 349–350. We held that these provisions justified the formation of the IHU by the Division comprised of members of the agency. *Sheneman*, 956 P.2d at 349–350.

■ As to Poll's other argument that the IHU lacked jurisdiction because the IHU did not exist at the time of his injury, we ruled in *Sheneman* that the rules and regulations of the Division referring a case to IHU to determine the issue of timely filing was a matter of procedural rather than substantive law. *Sheneman*, 956 P.2d at 351. The law in effect at the time Poll requested a hearing before the IHU controls the procedure, rather than the law in effect at the time his injury.

The Order in the district court is affirmed in all respects.