**U S WEST COMMUNICATIONS, INC., Appellant (Petitioner),**

v.

**The WYOMING PUBLIC SERVICE COMMISSION; Steve Ellenbecker and Kristen H. Lee, in their official capacities as Commissioners of the Wyoming Public Service Commission, Appellees (Respondents),**

**and**

**AT & T Communications of the Mountain States, Inc., Appellee (Intervening Respondent).**

No. 98–12.

Supreme Court of Wyoming.

Dec. 13, 1999.

Representing Appellant: Paul J. Hickey and Roger C. Fransen of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, Wyoming; and Andrew D. Crain, Denver, Colorado.

Representing Appellee Wyoming Public Service Commission: William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Carrol S. Verosky, Assistant Attorney General, Cheyenne, Wyoming.

Representing Appellee AT & T Communications of the Mountain States, Inc.: Alan B. Minier of Rothgerber, Johnson & Lyons, LLP, Cheyenne, Wyoming; and Maria Arias Chapleau and Michel L. Singer, Denver, Colorado.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

In this appeal, we are asked to determine whether the Wyoming Public Service Commission (PSC) exceeded its statutory authori-

* Retired November 2, 1998.

ty in adopting rules for the pricing of telecommunications services which set the floor price for certain services higher than the price required by statute. We find the PSC exceeded its authority, and, accordingly, hold that the Rules for Total Service Long–Run Incremental Costs § 547, Toll Price Floors, and § 548, Price Floors—Other Services, are null and void.

## I. ISSUES

Appellant, U S West Communications, Inc. (U S West), presents the following issues:

I.   Has the Public Service Commission of Wyoming exceeded its statutory authority by promulgating rules that establish price floors for telecommunications services different from price floors established by statute for the same services?

II.  Has the Public Service Commission of Wyoming exceeded its statutory authority by utilizing rule making to regulate retail prices?

Appellees, the PSC and Intervening Respondent AT & T Communications of the Mountain States, Inc. (AT & T), frame the issues in essentially the same way.

## II. FACTS

Following the fundamental changes for the regulation of telecommunication companies embodied in the Wyoming Telecommunications Act of 1995, the PSC initiated the rulemaking process to facilitate the change from traditional, monopoly provision of local telecommunications service to competitive provisions of those services. The rules that are challenged in this appeal, § 547, Toll Price Floors, and § 548, Price Floors—Other Services, relate to the annual studies which must be conducted by the companies to establish "total service long-run incremental costs" (TSLRIC), the floor price for services.

The PSC issued draft rules on February 9, 1996, and a notice of proposed rule making was issued on February 23, 1996. A public hearing occurred on April 11, 1996, and public deliberations on May 7 and 9, 1996. The PSC solicited further public comment with the introduction of TSLRIC § 548, and delib-

erations regarding that section were held on July 7, 1997. The final order adopting the TSLRIC rules, including § 547 and § 548, issued on August 28, 1997.

U S West brought a petition for review in the district court for the First Judicial District, claiming § 547 and § 548 of the TSLRIC rules contravene clear, specific statutory standards for establishing price floors, thus unlawfully exceeding the authority granted to the PSC. The district court then certified this case pursuant to W.R.A.P. 12.09(b).

## III.  STANDARD OF REVIEW

■ Interpreting statutory provisions to determine an agency's authority to promulgate rules is a question of law, and the reviewing court will determine the issue *de novo*. If the agency action is in accordance with law, it is affirmed; if not, it is corrected. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993). When determining the authority of an agency to promulgate rules, we look to the statute as a whole, reading each component part in pari materia. *Sheneman v. Division of Workers' Safety and Compensation Internal Hearing Unit*, 956 P.2d 344, 349 (Wyo.1998) (*quoting Painter v. State ex rel. Wyoming Worker's Compensation Div.*, 931 P.2d 953, 955 (Wyo.1997)). Administrative agencies have only those powers expressly conferred by statute. *U S West Communications, Inc. v. Wyoming Public Service Com'n*, 907 P.2d 343, 346 (Wyo.1995) (*quoting Montana Dakota Utilities Co. v. Public Service Com'n*, 847 P.2d 978, 983 (Wyo.1993)). This legal principle applies with equal force to an agency's authority to promulgate rules. *State Dept. of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). Rules promulgated in excess of an agency's statutory authority are null and void. *State Bd. of Equalization v. Jackson Hole Ski Corp.*, 737 P.2d 350, 356 (Wyo.1987).

## IV.  DISCUSSION

Wyo. Stat. Ann. § 37–15–402(a) and (d) (Lexis 1999), of the Wyoming Telecommuni-

cations Act of 1995, sets the price for non-competitive services as follows:

**Cost-based pricing.**

(a) Services provided by a telecommunications company that provides noncompetitive services shall be priced such that the service's revenues from the sale of the service recover the total service long-run incremental cost of providing that service, except as provided in this section. Total service long-run incremental cost studies used by a telecommunications company shall be filed with the commission on an annual basis at the time and in the form required by commission rule * * *.

\* \* \*

(d) A telecommunications company providing both noncompetitive switched access service and message toll service shall include in the amount recovered from message toll service the price it charges others for those elements of switched access which cannot be economically duplicated by competitors.

The term total service long-run incremental cost is statutorily defined as "the total forward-looking cost, using least cost technology, for a telecommunications service or basic network function that the telecommunications provider would incur if it were to initially offer such telecommunications service or basic network function[.]" Wyo. Stat. Ann. § 37–15–103(a)(xiii) (Lexis 1999).

■ U S West claims that § 547 and § 548 of the TSLRIC rules adopted by the PSC contain specific requirements for setting floor prices which differ from the statutory requirements. For example, Wyo. Stat. Ann. § 37–15–402(d) requires the TSLRIC to include the costs charged to others "for those elements of switched access which cannot be economically duplicated by competitors." TSLRIC § 547, however, expands the imputation of the rate charged to others to include the rates "for the use of [the provider's] local exchange facilities or basic network functions" when the provider uses the facilities or functions in providing message toll services. In the same light, Wyo. Stat. Ann. § 37–15–402(a) does not have any requirement that the TSLRIC calculation include imputed costs, but TSLRIC § 548 requires providers

of both competitive and non-competitive services to impute "the rates which they charge others for the use of the component parts that are used in providing that retail service." These differences result in a rule-based TSLRIC which requires U S West to set retail rates at a higher price than that allowed by statute.

■ The PSC and AT & T concede that the TSLRIC rules add costs to the calculation of TSLRIC, but contend that the PSC maintains the authority to do so because the imputed costs promote the legislative intent to facilitate competition and avoid potential discriminatory pricing. *See* Wyo. Stat. Ann. §§ 37–15–102 and 37–15–404 (Lexis 1999). While these arguments are well taken, we must look to the statute as a whole and give effect to its plain meaning. In so doing, we find that the plain language found in the statutory definition of TSLRIC and the related provisions of Wyo. Stat. Ann. § 37–15–402 preclude the PSC's efforts to raise the price of services above the price allowed by statute by creating a TSLRIC methodology imputing additional costs.

■ The PSC's powers are enumerated in Wyo. Stat. Ann. § 37–15–401 (Lexis 1999):

(a) In addition to the powers exercised pursuant to the provisions of W.S. 37–15–408, the commission has the power to:

(i) Investigate the methods and practices of any telecommunications company;

(ii) Require any telecommunications company to conform to the laws of this state and to all rules, regulations and orders of the commission not contrary to law;

(iii) Make any rules and regulations, in accordance with the Wyoming Administrative Procedure Act, necessary for the commission to carry out its powers in this chapter, including rules objectively established and consistent with commonly accepted industry standards, where applicable standards exist;

(iv) Require reports and studies as to prices and terms and conditions of service, necessary and relevant for the com-

mission's exercise of its authority, including those protected as trade secret or confidential based on legitimate competitive or other operational concerns;

(v) Hold hearings on complaints, or for good cause, upon notice and subject to the provisions of the Wyoming Administrative Procedure Act; and

(vi) *Regulate telecommunications companies only as provided for in this chapter.*

(Emphasis added.) In Wyo. Stat. Ann. § 37-15-402(a), the legislature gave the PSC the power to create the form for the TSLRIC report, but did not grant the PSC the power to change the substance of TSLRIC by imputing costs. The legislature chose to impute specific costs relating to message toll services. Further, it conspicuously omitted any imputed costs for the TSLRIC calculation relating to other services. The PSC may not rewrite the statute through its rulemaking power.

We appreciate the PSC's concern regarding potential discriminatory pricing. However, the legislature gave the PSC the power to deal with this issue directly, rather than through the modification of TSLRIC. First, the PSC is empowered to promulgate rules to provide for "[t]he resale and sharing of services and functions at reasonable and non-discriminatory rates." Wyo. Stat. Ann. § 37-15-404(e)(vi). If discriminatory pricing should occur:

[a]ny person, and the commission on its own motion, may complain to the commission concerning the reasonableness of the price of any noncompetitive telecommunications service. Any notice and hearing of any complaint shall be in accordance with the Wyoming Administrative Procedure Act and this chapter. The commission shall only set aside any price it finds after notice and hearing to be unreasonable or unreasonably discriminatory. If the commission sets aside a price as unreasonable or unreasonably discriminatory, the telecommunications company shall have sixty (60) days to file a new price which is reasonable. The company shall refund any charges found to be unreasonable as ordered by the commission. Any price set in

compliance with the provisions of W.S. 37-15-402 is presumed to be fair and reasonable, subject to rebuttal by the commission or any party to the hearing.

Wyo. Stat. Ann. § 37-15-405 (Lexis 1999).

 It cannot be questioned that the legislature's intent in passing the Wyoming Telecommunications Act of 1995 was to promote competitive telecommunications markets in Wyoming. The legislature apparently believed that placing the floor price for services at TSLRIC would accomplish this goal. If the PSC disagrees with the statutory enactment, the solution is with the legislature, not in the promulgation of rules which deviate from the legislative expression.

## V. CONCLUSION

The PSC acted in excess of its statutory authority when promulgating and adopting §§ 547 and 548 of the TSLRIC rules. Therefore, those sections are null and void.