736 P.2d 311 (1987)
In the Matter of the INJURY TO Melvin D. CARPENTER, an Employee of Mountain States Telephone & Telegraph Company. (Two Cases)
MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, Appellant (Employer-Defendant),
v.
Melvin D. CARPENTER, Appellee (Employee-Claimant).
Melvin D. CARPENTER, Appellant (Employee-Claimant),
v.
MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, Appellee (Employer-Defendant).
Nos. 87-37, 87-38.
Supreme Court of Wyoming.
May 1, 1987.
Richard J. Nardi of Ross & Ross, Cheyenne, for Melvin D. Carpenter.
John M. Walker and Paul J. Hickey of Rooney, Bagley, Hickey, Evans & Statkus, Cheyenne, for Mountain States Tel. & Tel. Co.
Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.
MACY, Justice.
The district court awarded Melvin Carpenter 15% permanent partial disability benefits under the Wyoming Worker's Compensation Act. On appeal, the employer, Mountain States Telephone & Telegraph Company, objects that the award was not supported by the evidence, while Carpenter complains that the trial judge improperly *312 relied exclusively upon medical evidence of his disability.
We affirm.
Carpenter was born with asthma (asymptomatic congenital reactive airway disease). He had worked as a laborer, carpenter, and mechanic. He is a trained mechanic and had been employed in that capacity by Mountain States for five years. The garage in which he worked accumulated gasoline and diesel fumes and exhaust, especially during the winter. Carpenter had been a moderate smoker for approximately ten years when, in the spring of 1984, he suffered from a respiratory infection which triggered his asthma symptoms. He then quit smoking and continued to work until June 1985, which was as long as he could tolerate the polluted atmosphere in the garage. Mountain States objected to his worker's compensation claim.
The trial judge found that Dr. Bindschadler's testimony was competent medical authority that the claim arose out of and in the scope of employment, that there was a direct causal connection between the working conditions and the disease, that the aggravation of the disease was a natural incident of the work, that the employment was a proximate cause of the aggravation of the disease, that the hazard which aggravated the disease was not one to which the employee was equally exposed outside work, and that the aggravation was incidental to the character of the business, as required by § 27-12-603(a), W.S. 1977. The trial court did not decide that the work environment caused the infection which triggered the symptoms; rather, it found that, given Carpenter's nonwork-related symptomatic asthma, the work environment caused disability by aggravating the symptoms.
It is well established that the employer must take the employee as he finds him. Lindbloom v. Teton International, Wyo., 684 P.2d 1388 (1984); Associated Seed Growers, Inc. v. Scrogham, 52 Wyo. 232, 73 P.2d 300 (1937). Subsequent aggravation of a preexisting condition by employment is a compensable injury. Lindbloom v. Teton International, 684 P.2d at 1389-90; Jim's Water Service v. Eayrs, Wyo., 590 P.2d 1346 (1979). Whether the employment actually aggravated the condition is a question of fact for the trial court. Lindbloom v. Teton International, 694 P.2d at 1390; 1 Larson, Workmen's Compensation Law § 12.21 (1985). When reviewing factual determinations, this Court must determine whether sufficient evidence supports them. We look only to the evidence of the prevailing party, giving it every favorable inference, and leave out of consideration any evidence which conflicts with it. Abas v. State ex rel. Wyoming Worker's Compensation Division, Wyo., 701 P.2d 1153 (1985); State ex rel. Wyoming Worker's Compensation Division v. Colvin, Wyo., 681 P.2d 269 (1984).
In the case at bar, Dr. Bindschadler testified that, given the onset of the symptoms, neither the pollution in the garage nor the smoking was an initial inciting agent. He explained that hydrocarbons and sulfur and nitrogen compounds and particulate matter in exhaust can trigger asthma symptoms. It was his opinion that, to a reasonable medical certainty, the work environment was a contributing factor to the post-infection, ongoing irritation, and symptoms. He testified that the environment outside work was less polluted. He said that smoking and pollution were important contributing factors once Carpenter became symptomatic. Dr. Huffman agreed that the polluted environment could have contributed to the aggravation of the symptoms. This evidence, coupled with evidence that the garage was polluted and that Carpenter quit smoking, is sufficient to support the trial court's factual findings.
The district court found a disability rating of 15%, the maximum Dr. Bindschadler recommended. Dr. Bindschadler testified that he calculated only the physical disability, from a medical point of view, and did not consider Carpenter's ability to find work in arriving at a 10-15% disability rating. This Court has indicated that, in determining the percentage of disability, the trial court may consider evidence other than the doctor's testimony or opinion of a percentage disability rating, Rose v. Westates *313 Construction Co., Wyo., 703 P.2d 1084 (1985), and is not bound by the doctor's percentage. State ex rel. Wyoming Worker's Compensation Division v. Colvin, 681 P.2d at 272. Here, the court heard evidence that Carpenter could not find mechanics work because he could not tolerate the fumes, that he could not find other labor because he did not have the stamina to work all day long, and that he had no training for clerical or sedentary work. Carpenter has not referred this Court to anything in the record which indicates that the trial court refused to consider this evidence in arriving at a 15% disability rating. The extent and duration of a disability are questions of fact for the court's determination. Rose v. Westates Construction Co., 703 P.2d at 1089; Pacific Power and Light v. Parsons, Wyo., 692 P.2d 226 (1984); Lindbloom v. Teton International, 684 P.2d at 1390. Sufficient evidence supports the trial court's determination that Carpenter was 15% disabled, and we will not disturb that finding.
Affirmed.