In the Matter of the Workers' Compensation Claim of: Renee COLEMAN, Surviving Spouse of James Coleman, individually and on behalf of Matthew Coleman and Heather Coleman, minor children, Appellants (Petitioners),

v.

STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 95–124.

Supreme Court of Wyoming.

April 18, 1996.

C. John Cotton of Wolfe & Cotton, LLC, Gillette, for appellants.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee.

Before THOMAS, MACY, TAYLOR, and LEHMAN, JJ, and ROGERS, District Judge.

TAYLOR, Justice.

Worker's compensation death benefits were denied to the surviving spouse and children of James Coleman based upon intoxication as a cause of death. The district court certified the appeal to us pursuant to W.R.A.P. 12.09(b). The denial is supported by substantial evidence and the law which makes such important benefits payable in appropriate circumstances. We affirm.

## I. ISSUES

Appellants make a concise and direct statement of the issues:

A. Can the Division meet its burden of proof regarding intoxication through evidence which fails to establish, as a matter of law, either that Mr. Coleman was intoxicated or that intoxication was the proximate cause of the accident?

B. Was blood sample evidence admitted and relied upon in violation of statutory and constitutional requirements?

Appellee adopts much the same queries, changing only their order while labeling the question of substantial evidence as one of fact rather than law:

A. Whether blood samples taken by the county coroner, without the knowledge and consent of the deceased's family, were properly admitted as evidence in the contested case proceeding.

B. Whether the record contains substantial evidence to support the hearing examiner's determination that [the] employee was intoxicated at the time

of his accident and that employee's intoxication caused his accident and death.

## II. FACTS

Prior to any detailed discussion of this matter, we recognize, as appellants acknowledge, that the issues of fact and questions of law before us bear an uncanny resemblance to those presented in *Johnson v. State ex rel. Wyoming Workers' Compensation Div.*, 911 P.2d 1054 (Wyo.1996). Appellants are not due short shrift because of the striking similarities of the two cases, but it must be understood that the firm legal principles set out in *Johnson* are scarcely amenable to change on a case-by-case basis.

At the time of his accident and subsequent death, James Coleman (Coleman) was a rig superintendent for Exeter Drilling Company with a degree of supervisory authority over drilling crews. On the morning of August 7, 1994, arrangements were made to move the drilling rig to a new location. Coleman followed the tractor-trailer trucks in his pickup truck. After traveling several miles, Coleman stopped Bob Lee Donner (Donner), who was driving one of the tractor-trailer trucks, and asked to drive Donner's tractor-trailer truck. Coleman and Donner switched vehicles. Coleman had, on prior occasions, driven the tractor-trailer truck, although he had no commercial driver's license.

Coleman almost immediately stalled Donner's tractor-trailer truck, requiring Donner to reassume control of the tractor-trailer long enough to get Coleman "rolling again." About an hour later, Coleman drove out of sight while Donner stopped to call his wife on a cellular phone. Donner caught up with Coleman, only to find the tractor-trailer on its top at the bottom of a hill and Coleman pinned in the cab of the tractor-trailer.

Deputy sheriffs from Sweetwater County, Wyoming responded to the accident scene along with members of the Wyoming Highway Patrol and the Sweetwater County Coroner. They found the road upon which Coleman had been traveling to be gravel, while conditions at the time of the accident were clear and dry. Based upon his training in accident reconstruction, Deputy Sheriff F.J. Moczulski estimated that Coleman had approached the fatal curve at a speed of approximately forty-five miles per hour. Highway Patrol Officer L.J. Leuis agreed, based primarily upon the particular gear engaged, that Coleman's speed had to have been around forty-five to fifty miles per hour. Officer Leuis testified that *no* vehicle should take the fatal curve faster than ten or fifteen miles per hour.

Later that same afternoon, the Sweetwater County Coroner withdrew a blood sample from Coleman's femoral artery, using a kit supplied by the Wyoming Chemical Testing Program. That sample was taken as a matter of the County Coroner's routine, neither at the direction of a peace officer nor with the permission of Coleman's wife or children. Two samples of Coleman's blood demonstrated blood alcohol content (BAC) levels of 0.117 and 0.120, for an average of 0.118. Rather than rounding off such figures, the chemical testing program simply eliminates the final digit, thereby giving the benefit of the doubt to those tested and conservatively placing Coleman's BAC at 0.11.

Coleman's widow, son and daughter (appellants) sought death benefits from the Wyoming Workers' Compensation Division (appellee). Denial of that application was affirmed following an administrative hearing. A timely appeal to the district court was certified directly to this court pursuant to W.R.A.P. 12.09(b).

## III. SCOPE OF REVIEW

W.R.A.P. 12.09(a) limits judicial review in such cases "to a determination of the matters specified in W.S. 16–3–114(c)." As applied to the issues of this case, Wyo.Stat. § 16–3–114(c) (1990) may be encapsulated as follows:

The reviewing court shall:

\*    \*    \*    \*    \*    \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

\* \* \* \* \* \*

(E) Unsupported by substantial evidence[.]

We do, however, afford respect and deference to an administrative agency's findings of fact if they *are* supported by substantial evidence. *Aanenson v. State ex rel. Wyoming Worker's Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992) (*quoting State ex rel. Wyoming Worker's Compensation Div. v. White*, 837 P.2d 1095, 1098 (Wyo.1992)). "Substantial evidence" is a term of art, best described as "relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion." *Casper Oil Co. v. Evenson*, 888 P.2d 221, 224 (Wyo.1995). Further, we consider only that evidence favoring the party prevailing below, leaving out of consideration conflicting evidence. *Wyoming Steel and Fab, Inc. v. Robles*, 882 P.2d 873, 876 (Wyo.1994) (*quoting Matter of Injury to Carpenter*, 736 P.2d 311, 312 (Wyo. 1987)). The burden is on the claimant "to demonstrate that the agency's findings and conclusions are not supported by substantial evidence." *Robles*, 882 P.2d at 876. Unlike its findings of fact, however, an administrative agency's conclusions of law are afforded no special deference, and will be affirmed only if truly in accord with the law. *Matter of Cordova*, 882 P.2d 880, 882 (Wyo.1994). *See also* Wyo.Stat. § 16–3–114(c).

Finally, the burden is on the claimant to establish every essential element of his claim by a preponderance of the evidence. *Hohnholt v. Basin Elec. Power Co-op*, 784 P.2d 233, 235 (Wyo.1989). As the hearing examiner noted, however, intoxication is an affirmative defense upon which appellee bears the burden of proof. *Hotelling v. Fargo–Western Oil Co.*, 33 Wyo. 240, 248, 238 P. 542, 544 (1925). "Once the Division met its burden by producing evidence of intoxication, the burden of producing evidence to the contrary shifted to Appellants." *Johnson*, 911 P.2d at 1062.

## IV. DISCUSSION

Blocking appellants' entitlement to death benefits is that portion of the Wyoming Worker's Compensation Act which excludes compensation for injury "caused by \* \* \* [t]he fact the employee is intoxicated \* \* \*." Wyo.Stat. § 27–14–102(a)(xi)(B)(I) (1991 & Cum.Supp.1995). The hearing examiner found that Coleman was intoxicated and "that Mr. Coleman's intoxication was a proximate cause of his motor vehicle accident and therefore his death."

Appellants maintain that the BAC result of 0.11 might be inaccurate because the blood was drawn from the femoral artery and may not have reached equilibrium in the bloodstream. They thus conclude that Coleman's venous BAC could have been as much as forty percent lower than his arterial BAC. This argument is a distinction without a difference. Either BAC result would support the conclusion that Coleman's intoxication was a substantial contributing factor to the accident.

Next, appellants argue they have standing to assert Fourth Amendment protections against a non-permissive search and seizure of Coleman's blood. Vindication of such standing, they argue, would lead to exclusion of the blood alcohol evidence as fruit of the poisonous tree of the county coroner's alleged illegal blood sample. This argument must fail because appellants lack standing to challenge the seizure of the blood.

"'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.'" *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978) (*quoting Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 966–67, 22 L.Ed.2d 176 (1969)). Appellants do not claim that *their* Fourth Amendment rights were violated. As close as they may have been to Coleman, appellants have no standing to assert *his* Fourth Amendment rights. The county coroner not only acted lawfully and properly in taking the sample of Coleman's blood, but would have been remiss had he not so acted. *Johnson*, 911 P.2d at 1060.

Finally, appellants highlight the hearing examiner's finding that Officer Leuis "attributed the accident to lack of experience of an unqualified driver, who had failed to downshift prior to starting down the hill." If error by an inexperienced, unqualified driver was *the* proximate cause of Coleman's death, appellants argue that appellee necessarily failed to meet its burden of proof on the issue of driver intoxication as *the* cause of death.

A refusal to reweigh the evidence constrains this court, upon location of substantial evidence in the record as a whole, to affirm the hearing examiner's conclusion that Coleman's intoxication was *a* cause of death. Regardless of how many other "substantial factor[s]" apparently combine to bring about the injuries identified, Coleman's intoxication was established by substantial evidence as a cause of death, bringing Wyo.Stat. § 27–14–102(a)(xi)(B)(I) to bear, excluding recovery.

## V. CONCLUSION

Worker intoxication clearly operates to exclude resultant injury from compensation. We affirm the hearing examiner's denial of death benefits to appellants.