Theodore W. PITTMAN, Appellant
(Employee–Claimant),

v.

STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector–Defendant).

No. 95–216.

Supreme Court of Wyoming.

May 31, 1996.

Harry G. Bondi, Casper, for appellant.

William U. Hill, Attorney General, Jennifer A. Evans, Assistant Attorney General, for appellee.

Before THOMAS, MACY, TAYLOR, and LEHMAN, JJ., and RYCKMAN, District Judge.

LEHMAN, Justice.

Theodore W. Pittman (Pittman) appeals from an order of the district court affirming a denial of worker's compensation benefits, based upon the expiration of the one-year statutory filing limit prescribed by W.S. 27–14–503(a).

We affirm.

### ISSUES

Pittman raises four issues:

1. Is the legal conclusion by the hearing examiner that employee-claimant is absolutely barred under the doctrine of *res judicata* on his claim for benefits for eye surgery legally correct and supported by substantial evidence?

2. Did the hearing examiner in invoking the doctrine of *res judicata* improperly place the burden of proof upon employee-claimant to establish what issues were actually and necessarily litigated in the October 1, 1992 contested case hearing?

3. Is the legal conclusion by the hearing examiner that employee-claimant is barred under the statute of limitations of W.S. § 27–14–503 legally correct and supported by substantial evidence?

4. Is the legal conclusion by the hearing examiner that employee-claimant is not the "real party in interest" regarding the payment for the medical expenses of the eye surgery legally correct and supported by substantial evidence?

The Worker's Compensation Division (Division) presents us with three issues:

A. Whether the hearing examiner's determination, that the claim for medical benefits arising from Claimant's 1991 cataract surgeries is barred by the doctrine of res judicata, is supported by substantial evidence and is in accordance with law.

B. Whether the hearing examiner's determination that Claimant's application for benefits was not made within the time limits prescribed by Wyo. Stat. 27–14–503(a) is supported by substantial evidence and is in accordance with law.

C. Whether the hearing examiner's determination, that if medical benefits were to be awarded for the costs of Claimant's eye treatment, payment should be made to the health care providers rather than to Claimant, is in accordance with law.

### FACTS

On September 26, 1989, Pittman was working as a pipe fitter at the Dave Johnson Power Plant when a 800 pound valve fell, causing him to fall backwards and strike his head. Pittman sustained numerous injuries and was awarded medical and disability benefits for injuries to his neck, ribs and right leg.

In August 1991, Pittman sought treatment from an ophthalmologist for his deteriorating eyesight. On August 14, 1991, the ophthalmologist, Dr. Ellsworth, diagnosed Pittman with posterior subcapsular (PSC) cataracts in both of his eyes. Pittman underwent surgery for treatment of the cataracts on September 4, 1991 and December 16, 1991. Following surgery on his right eye, Pittman suffered a retinal detachment of the right eye as a result of a complication of the cataract surgery. Surgery was performed on Pittman's right eye to repair the retinal detachment on February 18, 1992.

On October 1, 1992, a hearing was held wherein the Division was contesting payment for medical costs unrelated to the cataracts. In the supplemental disclosure statement for this hearing, Pittman attached the medical records of Dr. Ellsworth relating to the cataracts although he had not previously filed any bills or claims. Subsequently, the Division, in its disclosure statement for this hearing, contended that the costs of the medical treatment for Pittman's eye problems were also at issue. In its Order Awarding Benefits, the hearing examiner concluded that the cataract operations had not been shown to be reasonably related to Pittman's September 26, 1989 injury, and accordingly, Pittman was not entitled to have the Division pay for those medical expenses. Pittman did not appeal this order.

Pittman finally submitted claims for payment of the treatment of his cataracts on June 2, 1993. The Division denied the benefits, and the matter was set for a contested hearing. On October 20, 1994, the hearing examiner issued an Order Denying Benefits based on the following: 1) the claim for benefits for the treatment of the cataracts had been previously adjudicated in the October 1992 hearing, and thus was barred by the doctrine of res judicata; 2) the one-year statutory filing limit began to run when the condition was diagnosed in August 1991, and thus the claims were barred by the W.S. 27–14–503(a) statute of limitations; and 3) Pittman's private insurance carrier had paid the costs of Pittman's eye surgeries, and thus Pittman was not the real party in interest. Pittman filed a petition for review in the district court. The district court affirmed the Order Denying Benefits, concluding that Pittman's claims were outside the W.S. 27–14–503(a) statute of limitations for applying for benefits. Finding this to be dispositive of the case, the district court declined to address the other issues. Pittman timely appeals that determination.

### STANDARD OF REVIEW

We will reverse a determination that a claimant is not entitled to worker's compensation benefits only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or is unsupported by substantial evidence. W.S. 16–3–114(c)(ii)(A) and (E) (1990); *Stuckey v. State ex rel. Worker's Compensation Div.*, 890 P.2d 1097, 1099 (Wyo.1995); *Worker's Compensation Claim of Taylor v. State ex rel. Worker's Compensation Div.*, 890 P.2d 559, 560–61 (Wyo.1995); *Bohren v. State ex rel. Worker's*

*Compensation Div.*, 883 P.2d 355, 357–58 (Wyo.1994). We review factual issues and agency factual findings using the substantial evidence standard:

> Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Matter of Worker's Compensation Claim of Fisher*, 914 P.2d 1224, 1226 (Wyo.1996) (*quoting Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 708–09 (Wyo.1995)); *see also City of Casper v. Haines*, 886 P.2d 585, 587 (Wyo. 1994); *Stuckey*, 890 P.2d at 1099; and *Aanenson v. State ex rel. Worker's Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992). The party appealing an administrative determination has the burden of proving the agency's ruling was unsupported by substantial evidence. *Jaqua v. State ex rel. Workers' Compensation Div.*, 873 P.2d 1219, 1221 (Wyo. 1994).

■■■■ Agency conclusions of law are not afforded the same deference as agency factual findings. If the conclusion is in accordance with law, it is affirmed; if it is not, it is to be corrected. *Haines*, 886 P.2d at 587; *Aanenson*, 842 P.2d at 1079. As to our review of mixed questions of law and fact, our standard has been stated this way:

> When an agency's determinations contain elements of law and fact, we will not treat them as findings of fact. We extend deference only to agency findings of "basic fact." When reviewing a finding of "ultimate fact," we divide the factual and legal aspects of the finding to determine whether the correct rule of law has been properly applied to the facts. If the correct rule of law has not been properly applied, we do not defer to the agency's finding but correct the agency's error in either stating or applying the law.

*Aanenson*, at 1079–80 (*quoting Union Pacific R.R. Co. v. State Bd. of Equalization*, 802 P.2d 856, 860–61 (Wyo.1990)); *see also Haines*, 886 P.2d at 587.

## DISCUSSION

■■■■ A claimant has the burden of proving each essential element of his claim by a preponderance of the evidence. *Gilstrap v. State ex rel. Workers' Compensation Div.*, 875 P.2d 1272, 1273 (Wyo.1994). A corollary to this rule is that the claimant has the burden of following procedures and rules contained within the Worker's Compensation Act before he is entitled to worker's compensation benefits.

> (a) A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the reports of the accident, an application or claim for benefits is **filed * * * within one (1) year after discovery of the injury by the employee.** The report of accident is not a claim for benefits.

W.S. 27–14–503(a) (1991) (emphasis added).

■■■■ Thus, we begin with the question of when Pittman *discovered* that he had a *compensable injury.*

> [W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment? The statute of limitations starts running when that date is fixed.

*Haines*, 886 P.2d at 588 (*quoting Aanenson*, 842 P.2d at 1082); *Olheiser v. State ex rel. Worker's Compensation Div.*, 866 P.2d 768, 772 (Wyo.1994). We have consistently held that when a correct diagnosis and prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run. *Haines*, 886 P.2d at 589.

■■■■ Regarding the discovery of a compensable injury and causal relationship between the injury and employment, a claimant is required to use due diligence in pursuing his claim. *Olheiser*, 866 P.2d at 773. Due diligence is defined as:

Such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.

*Black's Law Dictionary* (6th ed.1990); *Olheiser*, at 773. Due diligence is implied in the phrase "a reasonable person under the circumstances." *Id.* Accordingly, if a person fails to exercise due diligence in the pursuit of his claim, then he has failed to act as a reasonable person under the circumstances and his claim will be barred if the one-year time limit has expired. *Id.*

Here, the hearing examiner found and concluded:

### Findings of Fact

1. Theodore W. Pittman (the "Claimant") was injured in a work-related incident on September 26, 1989, while employed by North American Energy Services Company. The Claimant suffered multiple injuries as a result of the work-related incident and underwent several surgeries.

2. In addition to other physical problems, the Claimant has also suffered from cataracts in both eyes. The cataracts were originally diagnosed by Randal N. Ellsworth, M.D., in August, 1991.

\*    \*    \*    \*    \*    \*

### Conclusions of Law

\*    \*    \*    \*    \*    \*

4. The Claimant is also barred from receiving workers' compensation benefits for the cataract operations under the statute of limitations set forth in WYO. STAT. § 27–14–503. This statute of limitations requires an injured worker to, among other things, file an application within one (1) year after discovery of the injury.

5. The statute of limitations begins to run when the injured worker's injury becomes "compensable." An injury becomes compensable when the injured employee is made aware of the extent of the injury through a correct medical diagnosis. *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531 (Wyo.1936).

6. The Claimant's injury became compensable when it was diagnosed by Dr. Ellsworth in August, 1991, as posterior subcapsular cataracts. Therefore, the Claimant was required to seek benefits no later than August 30, 1992, which he failed to do.

Substantial evidence exists in the record to support the hearing examiner's conclusion that W.S. 27–14–503(a) barred Pittman's claim for cataract treatments. Pittman was injured in a work-related incident on September 26, 1989, and was aware that multiple injuries had resulted from this injury, including trauma to his head. In August 1991, Dr. Ellsworth, an ophthalmologist, diagnosed Pittman with PSC cataracts in both eyes. Dr. Ellsworth informed Pittman that he would need corrective surgery. Thus, in August 1991, a correct diagnosis and prognosis concerning his cataracts was communicated to Pittman by competent, medical authority; therefore, the injury was discovered and it became compensable. Dr. Ellsworth testified that upon his communication of the diagnosis and prognosis, Pittman did not inquire whether the cataracts could have been caused by the 1989 incident. Pittman himself testified that he does not remember exactly when he determined that they might be causally related to his 1989 work-related injury. In any event, Pittman did not file his claim for benefits until June 1993, sixteen months after his last eye surgery.

### CONCLUSION

We find that Pittman failed to exercise due diligence in discovering whether the cataracts were causally related to his September 26, 1989 work-related injury. The cataracts became a compensable injury upon diagnosis in August 1991. Failure to file a claim within the one-year statutory limit, W.S. 27–14–503(a), precludes the award of worker's compensation benefits.

Affirmed.