983 P.2d 722 (1999)
In the MATTER OF the WORKER'S COMPENSATION CLAIM OF Sheila K. NISSEN, an Employee of Cheyenne Frontier Days, Inc.:
Sheila K. Nissen, Appellant (Petitioner),
v.
Cheyenne Frontier Days, Inc., and State Of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).
No. 98-11.
Supreme Court of Wyoming.
June 29, 1999.
*723 Bert T. Ahlstrom, Jr., Cheyenne, WY., Representing Appellant.
For Cheyenne Frontier Days, Inc.: James W. Gusea of James W. Gusea, P.C., Cheyenne, WY., For Workers' Safety and Compensation Division: William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,[*] JJ.
LEHMAN, Chief Justice.
A hearing examiner denied injured worker Sheila Nissen's claim for benefits. The hearing examiner determined that Nissen failed to rebut the presumption that her claim be denied pursuant to Wyo. Stat. Ann. § 27-14-502(c) (Michie June 1991 Rpl.). We are satisfied the hearing examiner's determination was not an abuse of discretion.
We affirm.

ISSUES
Appellant Sheila Nissen (Nissen) states the following issues:
A. Whether the reporting requirements of W.S. Section 27-14-502(a) were met in this case; and, if not:
1. Whether the presumption of W.S. Section 27-14-502(c) was rebutted in this case; and/or,
2. Whether the burden shifted to the Employer and/or Division to show prejudice to them.
B. Whether the Hearing Examiner correctly determined that Appellant was not entitled to an award of benefits, under the circumstances.
Appellee State, ex rel. Worker's Compensation Division (Division) presents the issue as:
A. Was the Hearing Examiner's decision supported by substantial evidence, within his discretion, and in accordance with law?

FACTS
Nissen worked as a sales clerk in the Old West Gift Shop, operated by Frontier Marketing, LLC. Sometime in early to mid April of 1996, Nissen and her supervisor, Jan Hertel (Hertel), moved a display unit in the store. During the move, Nissen felt a pop in her lower back but said nothing to Hertel. After arriving home from work that day, Nissen called a physician. The physician instructed her to treat her back with hot and cold packs. Hertel first became aware of Nissen's back pain on April 24, 1996. An entry in Hertel's daily records on that date indicates Nissen called work and said that her back was in pain and she would not make it in to work.
Nissen returned to work in late April to cover a short shift for Hertel. During the shift, Nissen reached for a fan above a counter and wrenched her back. When Hertel returned to the store, she found Nissen leaning against a counter in obvious pain. Nissen left the store and did not return to work after that day.
*724 Nissen's back pain persisted and, on May 3, 1996, she went to her chiropractor. The chiropractor diagnosed "acute lumbar sprain/strain," "disc degeneration," and "lumbar disc syndrome." During this initial visit, the chiropractor mentioned the possibility of worker's compensation benefits. Because she was under the impression worker's compensation did not cover part-time employees, Nissen did not pursue benefits at that time.
Subsequently, Nissen twice re-injured her back. In late July, Nissen stepped in a hole at her daughter's house. The chiropractor's notes of August 2, 1996, indicate she "hurt [her] back again [when she] stepped in a hole." The second re-injury occurred when Nissen reached to pick up her cat.
On Nissen's May 22, 1996 visit to her chiropractor, he suggested she contact a physician for further evaluation. Nissen ultimately underwent an MRI, and the attending physician referred her to a surgeon who recommended surgery. As an alternative to surgery, Nissen started water therapy but discontinued the sessions due to cost.
In a letter dated September 30, 1996, and postmarked October 19, 1996, Nissen informed Hertel that she was filing a worker's compensation claim. Nissen did not file the injury report with the clerk of court until October 30, 1996, and the Division did not receive the report until November 4, 1996. The report identified the date of injury as April 23, 1996. The Division denied payment of benefits, finding that Nissen failed to meet the timely filing requirements of Wyo. Stat. Ann. § 27-14-102(a) and (c).
After a contested case hearing, a hearing examiner from the Office of Administrative Hearings (OAH) also denied Nissen's claim for benefits. The hearing examiner found that Nissen suffered back pain on April 30, 1996, when she reached for the fan, and that she knew the general nature of her injury no later than May 3, 1996, when she saw her chiropractor. The hearing examiner noted that six months had passed between the time Nissen quit work and the time she filed her report. In his conclusions of law, the hearing examiner found that the failure to timely file created a rebuttable presumption of prejudice under Wyo. Stat. Ann. § 27-14-502(c). Going to the central issue of this case, the hearing examiner concluded that Nissen failed to produce clear and convincing evidence of a lack of prejudice to the employer or the Division:
12. Nissen has failed to meet her burden of proving by clear and convincing evidence that her late filing did not prejudice Frontier Days or the Division in their ability to investigate her injury and monitor her medical treatment. The presumption of claim denial found in Wyo. Stat. § 27-14-502(c) (1986) has therefore not been overcome.
Nissen filed a petition for review with the district court, which certified the case here pursuant to W.R.A.P. 12.09(b).

STANDARD OF REVIEW
When an agency determines that a claimant for worker's compensation benefits failed to meet her burden of proof, the appropriate review is the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" standard set forth in Wyo. Stat. Ann. § 16-3-114(c)(ii)(A) (Lexis 1999). Pederson v. State, ex rel. Workers' Compensation Div., 939 P.2d 740, 742 (Wyo. 1997); City of Casper v. Utech, 895 P.2d 449, 452 (Wyo.1995); Stuckey v. State, ex rel. Workers' Compensation Div., 890 P.2d 1097, 1099 (Wyo.1995). In our review of an agency determination for abuse of discretion, we adhere to specific rules of review. The agency, as the trier of fact, must weigh the evidence and determine the credibility of the witnesses. Utech, 895 P.2d at 451 (and cases therein cited). "[S]ince we cannot reweigh the evidence nor redetermine the credibility of the evidence, no purpose is to be served by demanding the agency explain how it evaluated the evidence in arriving at a conclusion that a party failed to meet its burden of proof." Id. at 452. Instead, in determining whether or not the agency decision was an abuse of discretion, we must examine the entire record. Wyo. Stat. Ann. § 16-3-114(c). If we find an agency decision clearly contrary to the overwhelming weight of the evidence in the record, then we will overturn *725 the decision. Utech, 895 P.2d at 452; Pederson, 939 P.2d at 742.

DISCUSSION
Nissen's injury occurred in the spring of 1996, and her claim is covered by the law in effect when the injury occurred. Clark v. State, ex rel. Workers' Safety & Compensation Div., 968 P.2d 436, 438 (Wyo.1998); State, ex rel. Workers' Compensation Div. v. Jacobs, 924 P.2d 982, 984 (Wyo.1996). The applicable version of Wyo. Stat. Ann. § 27-14-502 (Michie June 1991 Rpl.) provides in relevant part:
(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer and within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred.
* * *
* * *
(c) Failure of the injured employee * * * to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.
Nissen claims that she met the reporting requirements. Nissen, however, admits that six months passed between the time she knew of her injury and the time she filed her injury report. The record supports the hearing examiner's determination that Nissen knew no later than May 3, 1996, that she had a compensable injury and that she did not file an injury report with the clerk of court until October 30, 1996, thus creating an untimely filing.
Nissen contends that if her filings were not timely, she nevertheless rebutted the presumption of prejudice as required by Wyo. Stat. Ann. § 27-14-502(c). In order to rebut the presumption of prejudice set forth in the statute, a claimant must establish by clear and convincing evidence that prejudice did not occur. Id. Clear and convincing evidence is the type of evidence that persuades a trier of fact that the truth of the contention is highly probable. Matter of GP, 679 P.2d 976, 982 (Wyo.1984); Matter of Paternity of TS, 917 P.2d 183, 185 (Wyo.1996).
We find the record supports the hearing examiner's determination that Nissen did not produce "clear and convincing evidence that there was a lack of prejudice to [her employer] or the Division in investigating her injury and in monitoring her medical treatment as a result of her late filing of her injury report." "It is apparent from the language of Wyo. Stat. § 27-14-502(c) * * * that the legislature was relying upon the statute to afford the employer or the Division an opportunity to investigate and monitor medical treatment." Neal v. Caballo Rojo, Inc., 899 P.2d 56, 61 (Wyo.1995). Here Nissen failed to submit evidence to show how the Division and her employer were not prejudiced by their lack of opportunity to investigate and monitor. Without such evidence in the record, an employee cannot rebut the presumption of prejudice. Clark, 968 P.2d at 439.
Moreover, even if Nissen had presented evidence to rebut the presumption of prejudice, the hearing examiner found that the record reflects prejudice to both the employer and the Division in investigating the injury and monitoring the medical treatment. A period of six months passed between Nissen's last day of work and the date of filing. During that time, at least three doctors treated her, and she suffered two more injuries to her back. Since Nissen failed to timely report her injury, neither the Division nor her employer had an opportunity to investigate and monitor her medical treatment prior to her other injuries. Under these circumstances, the hearing examiner correctly determined that Nissen's claim for benefits should be denied.
In her second argument, Nissen, relying on Bauer v. State, ex rel. Workers' Compensation Div., 695 P.2d 1048 (Wyo. 1985), contends that her employer should be estopped from raising the statute of limitations as a defense. With tenuous record support, she contends that her employer *726 should be estopped because it did "nothing to help, and everything to block" her efforts to pursue her claim. Excepting a lack of record support, Nissen faces a more difficult hurdle: she has raised this argument for the first time on appeal. We do not review issues raised for the first time on appeal. Shaffer v. State, ex rel. Workers' Safety & Compensation Div., 960 P.2d 504, 507-08 (Wyo.1998) (quoting Nelson v. Sheridan Manor, 939 P.2d 252, 255 (Wyo.1997)).

CONCLUSION
The hearing examiner's determination that Nissen failed to meet her burden of proof is supported by the record. The hearing examiner acted appropriately, and we find no abuse of discretion. The order denying benefits is affirmed.
NOTES
[*] Chief Justice at time of expedited case conference; retired November 2, 1998.