**The SHERWIN–WILLIAMS COMPANY,**
**Appellant (Petitioner),**

v.

**Cedric W. BORCHERT, Appellee**
**(Respondent).**

**No. 97–297.**

Supreme Court of Wyoming.

Jan. 14, 2000.

Rehearing Denied Feb. 8, 2000.

Representing Appellant: Steven R. Helling, Casper, Wyoming.

Representing Appellee: John Fenn, Sheridan, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

GOLDEN, Justice.

Employer, The Sherwin–Williams Company (Sherwin–Williams), appeals the decision by a hearing examiner finding Cedric Borchert's claim for worker's compensation benefits and request for hearing were filed timely and awarding partial medical benefits.

We reverse.

## ISSUES

The Sherwin–Williams Company, as appellant, presents the following issues:

Was it error to award Appellee (Employee/Claimant below) worker's compensation benefits?

Under the facts of this case, this issue includes the following sub-issues:

*,Chief Justice at time of expedited conference;  retired November 2, 1998

Was there a failure by Appellee to timely report his alleged injury and to timely file a report of injury, thereby creating a presumption of denial of benefits which should have precluded the awarding of benefits herein?

Were the claims of Appellee barred by the applicable statute of limitations?

Were the claims of Appellee barred as a result of a failure to timely file a request for hearing?

Was there sufficient evidence to support a finding Appellee suffered any injury at work?

Cedric Borchert, as appellee, contends the following:

1. Did Employee/Borchert timely request a hearing upon receiving notice of denial of benefits claimed?

2. When did Employee/Borchert's injuries become compensable?

a. Did Employee/Borchert timely report his injuries pursuant to W.S. § 27–14–502 after they became compensable?

b. Did Employee/Borchert timely make a claim for benefits pursuant to W.S. § 27–14–503(b) after they became compensable?

3. Is the hearing examiner's award of partial benefits supported by substantial evidence of record?

## FACTS

In April, 1995, Cedric W. Borchert was employed by Sherwin–Williams as assistant manager of the Sherwin–Williams store in Sheridan, Wyoming. His duties included unloading, stacking and distributing freight by hand. On April 22, 1995, while unloading a roll of carpeting weighing approximately 550 to 660 pounds, Borchert experienced aches and pains. In the spring of 1996, he was required to perform more lifting and unloading than usual because of the absence of another employee for nearly two months, and his hip and knees began to bother him. In May, 1996, Borchert resigned his position with Sherwin–Williams for reasons unrelated to the issues presented here.

Borchert had previously separated both shoulders in a fall in 1968 and received treatment by orthopedic surgeon, Edwin Clyde Biddulph, M.D. Surgery to repair a torn rotator cuff and degenerative arthritis in Borchert's left shoulder was performed on March 10, 1993. Borchert recovered well following the surgery and was able to play softball from 1993 to 1995. Borchert also suffers from conditions of cervical spondylosis and arthritis which cause him frequent pain.

Borchert returned to Dr. Biddulph on June 17, 1996, with complaints of pain in both shoulders. Borchert reported to Dr. Biddulph he had been doing very well until he unloaded a 600–pound carpet in April of 1995, heard a pop in his left shoulder and had had pain ever since, aggravated by lifting five gallon pails of paint in May. Other than possible arthritis on both shoulders, Dr. Biddulph suspected Borchert had retorn his left rotator cuff and experienced a tear in the right rotator cuff as well. An arthrogram was recommended to determine the extent of injury but was not performed at that time.

On June 20, 1996, Borchert submitted a report of occupational injury to his employer, claiming injury to both shoulders and a hernia, resulting from "excessive strain from unloading [a] large roll of carpet, then weekly continued aggravation from unloading freight by hand." Borchert's hernia claim was later withdrawn and is not at issue here. In an attachment to the injury report, Borchert gave the date of injury as on or about April 22, 1995, while unloading a full roll of carpet by hand. The injury report was received by the Division of Workers' Compensation on July 8, 1996, and on July 12, 1996, the Division issued a Final Determination denying Borchert's claim for benefits because the injury report was not filed within the time allowed by Wyo. Stat. Ann. §§ 27–14–502(a) and 27–14–503(a) and (b). The document required either the employee or employer to file an objection to the final determination by August 7, 1996, or be barred under Wyo. Stat. Ann. § 27–14–601(k), from further administrative or judicial review. A letter from Borchert dated August 2, 1996, objecting to the Division's determination was date stamped as received by the Division on August 9, 1996.

On June 2, 1997, a hearing was held before the Office of Administrative Hearings. Borchert initially stated, upon receiving the Final Determination, he had only a day or two to respond before the August 7 deadline. Later, he testified he could not recall when he received the document, but thought it was sometime after July 12 and could have been as long as a week before he formulated his response. He testified he wrote the objection on August 2 and sent it via Federal Express on August 5, 1996.

Borchert testified he heard his left shoulder pop while unloading the carpet in April, 1995, and had immediate sharp stabbing pain in four areas. In a deposition given before the administrative hearing, Borchert apparently indicated he experienced no pain when moving the carpet and heard no unusual noises. When asked whether he thought he had torn his rotator cuff in April, 1995, Borchert stated he didn't know, "but something happened." He further testified he thought he had pulled some muscles and was unaware of any specific injuries to his shoulder at that time. In later testimony, Borchert could not recall hearing a pop in his shoulder, then stated it was probably his right, not left, shoulder that popped.

Dr. Biddulph opined, based on the history given him by Borchert, any possible injury to Borchert's left shoulder probably happened in April, 1995, when Borchert was lifting and heard his shoulder pop, aggravated by subsequent lifting. When asked whether an injury would have been readily apparent to Borchert in April, 1995, Dr. Biddulph stated, "The way he described it to me, he was sure aware that something happened at that point." Dr. Biddulph acknowledged his opinions regarding causation of Borchert's injuries "relied very heavily on the truthfulness of the history" reported by Borchert.

An intra-office memo written by Sherwin–Williams' store manager on July 17, 1996, indicated the store manager had no knowledge of a work-related claim for injuries by Borchert until June 17, 1996; that Borchert had complained of his shoulders and hands hurting from the time he began work at the Sheridan store in April, 1995; and that at no time did Borchert inform the store manager his pain was work related. The store manager testified when Borchert did complain about pain, he related the pain to his arthritis.

The hearing examiner concluded Borchert's request for hearing was timely filed because of conflicting testimony and evidence regarding dates the Final Determination was written, mailed to, and received by Borchert. The hearing examiner determined Borchert's injury was not readily apparent on April 22, 1995, but occurred over a substantial period of time and thus his claim was timely filed within one year after the preliminary diagnosis was made known to him on June 17, 1996. Borchert was awarded partial medical benefits. Sherwin–Williams' appeal of the hearing examiner's decision to the district court was certified to this Court, pursuant to W.R.A.P. 12.09(b).

## DISCUSSION

### Standard of Review

Sherwin–Williams argues Borchert suffered injury in April, 1995, rendering his July 8, 1996, claim for benefits time-barred as beyond the one year statute of limitations. It further contends the hearing examiner's determination of Borchert's request for hearing as timely filed is not supported by substantial evidence.

Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999) provides, in pertinent part, this Court's standard for review of agency decisions:

(c) ... the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

* * *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

* * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We must examine the entire record and consider conflicting and contradictory ev-

idence to determine whether, in light of all the evidence before it, the hearing examiner could have reasonably concluded as it has in this case. *Carrillo v. State of Wyoming ex rel. Wyo. Workers' Safety and Comp. Div.*, 987 P.2d 690, 693 (Wyo.1999). Substantial evidence is "relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusions." *Sheneman v. Div. of Workers' Safety and Comp. Internal Hearing Unit*, 956 P.2d 344, 348 (Wyo.1998) (citing *Casper Oil Co. v. Evenson*, 888 P.2d 221, 224 (Wyo.1995)). This Court will not substitute its judgment for that of an agency and defers to an agency's findings of basic fact provided there is substantial evidence supporting such findings. *Matter of Zielinske*, 959 P.2d 706, 709 (Wyo.1998). However, if an agency's decision is clearly contrary to the overwhelming weight of the evidence presented in the record, we will overturn the decision. *Nissen v. Cheyenne Frontier Days*, 983 P.2d 722, 724–25 (Wyo.1999).

■ The burden of proof for worker's compensation benefits is on the claimant to prove all essential elements of his claim by a preponderance of the evidence. *Carrillo*, 987 P.2d at 692. In other words, the claimant "has the burden of following procedures and rules contained within the Workers' Compensation Act before he is entitled to worker's compensation benefits." *Pittman v. State ex rel. Wyo. Workers' Comp. Div.*, 917 P.2d 614, 617 (Wyo.1996). "To prove by a preponderance of the evidence, the claimant must bring forth 'proof which leads the trier of fact to find that the existence of the contested fact is more probable than its non-existence.'" *Carrillo*, 987 P.2d at 692 (citing *Thornberg v. State, ex rel. Workers' Comp. Div.*, 913 P.2d 863, 866 (Wyo.1996) quoting *Scherling v. Kilgore*, 599 P.2d 1352, 1359 (Wyo.1979)).

*Timeliness of Claim*

We first address Sherwin–Williams' contention of error in the hearing examiner's conclusion that Borchert's injury occurred over a substantial period of time, resulting in his claim being timely filed within the statute of limitation. The Wyoming Workers' Compensation Act in effect at the time of Borc-

hert's injury provides, in pertinent part, as follows:

**§ 27–14–502. Employee's report of accident to employer and clerk of court; presumption raised by failure to file report; release of information.**

(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer and within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred. Within one (1) working day after receipt of the employee's report, the clerk shall transmit a copy of the report to the division and the employer....

* * *

(c) Failure of the injured employee, any dependent or personal representative to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.

Wyo. Stat. Ann. § 27–14–502 (Michie 1991 Repl.Vol.).

**§ 27–14–503. Statute of limitations; transfer of claim.**

(a) A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the reports of the accident, an application or claim for benefits is filed within one (1) year after the date of the accident occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The report of accident is not a claim for benefits.

(b) The right of compensation for an injury which occurs over a substantial period of time is barred unless a claim for

benefits is filed within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious workplace exposure to the condition causing the injury, whichever occurs last, . . . .

Wyo. Stat. Ann. § 27–14–503 (Michie 1996 Cum.Supp.)

When the discovery of a compensable injury and causal relationship between the injury and employment is at issue, we have previously noted "a claimant is required to use due diligence in pursuing his claim." *Pittman,* 917 P.2d at 617 (citing *Olheiser v. State ex rel. Worker's Comp. Div.,* 866 P.2d 768, 773 (Wyo.1994)). We have recognized due diligence as:

> Such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.

*Id.* at 618 (quoting Black's Law Dictionary (6th ed.1990)).

■ The question becomes, when would a reasonable person in Borchert's circumstances have understood the full extent and nature of the injury and that the injury was related to his employment? *Id.* at 617. On the injury report and accompanying attachment completed by Borchert, he attributed the cause of his shoulder injuries to unloading the carpet in April, 1995. He reported the same to Dr. Biddulph at the time of his examination in June, 1996, with enough accentuation to cause Dr. Biddulph to state he felt Borchert had been "sure something happened at that point." Only under oath does Borchert's testimony become equivocal. His testimony ranged from hearing a pop in his left shoulder and experiencing pain, to hearing no pop and experiencing no pain, to believing the pop was from his right shoulder.

We do not find substantial evidence to support the hearing examiner's finding that Borchert's injury was not readily apparent on April 22, 1995. By his own report, Borchert attributes his shoulder injuries to the incident in April, 1995. We have stated, "[I]f a person fails to exercise due diligence in the pursuit of his claim, then he has failed to act as a reasonable person under the circumstances and his claim will be barred if the one-year time limit has expired." *Pittman,* 917 P.2d at 618 (citing *Olheiser,* 866 P.2d at 773). We do not find substantial evidence to support the conclusion Borchert's injury was not apparent until June, 1996. Borchert's *report of injury on July 8, 1996, was time* barred under Wyo. Stat. Ann. § 27–14–503(a) as beyond the one year time period provided by law.

■ Borchert failed to notify his employer within seventy-two hours after the general nature of his injury became apparent as required by Wyo. Stat. Ann. § 27–14–502(a). To overcome a presumption of denial of his claim for failure to timely report to his employer, it becomes Borchert's burden to show, by clear and convincing evidence, a lack of prejudice to his employer or the Division in investigating the injury and monitoring medical treatment. Wyo. Stat. Ann. § 27–14–502(c) (Michie 1991 Repl.Vol.) "Without such evidence in the record, an employee cannot rebut the presumption of prejudice." *Nissen,* 983 P.2d at 725 (citing *Clark v. State ex rel. Workers' Safety Comp. Div.,* 968 P.2d 436, 439 (Wyo.1998)). Borchert failed to submit any evidence showing Sherwin–Williams and the Division were not prejudiced by a lack of opportunity to investigate and monitor Borchert's injury. We note Borchert continued to work for Sherwin–Williams, unloading freight and moving five gallon pails from the time his injury became apparent in April, 1995, until he resigned in May, 1996. With no notice of the injury, Sherwin–Williams had no opportunity to modify his work duties and minimize his lifting activities. Likewise, the Division was afforded no opportunity to investigate the injury. As such, Borchert has failed to rebut the statutory presumption that his claim should be denied. *Matter of Zielinske,* 959 P.2d at 711.

### Timeliness of request for hearing

Finally, we address the timeliness of Borchert's objection to the Division's denial of

benefits and request for hearing. The July 12, 1996, Final Determination required Borchert to respond in writing by August 7, 1996. The Division received Borchert's written response on August 9, 1996, two days beyond the deadline. In review of the record and Borchert's testimony on this point, we again find his statements to be equivocal. He alternately testified he received the document with only a day or two to respond, could not recall when he received it or had as long as a week to respond. The Wyoming Workers' Compensation Act in effect at the time of the injury clearly states, in pertinent part, as follows:

(vi) If timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review.

Wyo. Stat. Ann. § 27–14–601(k)(vi) (Michie 1996 Cum.Supp.).

We find the Division's Final Determination provided Borchert the required notice of a right to a hearing before a hearing examiner and correctly calculated the deadline for receipt of his response by the Division in order to secure this right. Consequently, we find the hearing examiner's determination of Borchert's request for hearing as timely filed to be unsupported by substantial evidence. *Sheneman*, 956 P.2d at 352.

## CONCLUSION

Borchert's injury was apparent to him on April 22, 1995, at the time he unloaded the carpet for Sherwin–Williams. Borchert failed to file his claim for worker's compensation benefits within the one year limitation provided by statute and has not shown his failure to do so resulted in a lack of prejudice to either his employer or the Division. Borchert's request for hearing on the Division's initial denial of benefits was not received within the timeline correctly calculated and required by the Division, and as such, he is not entitled to administrative or judicial review of his claim on the merits. The hearing examiner's decision awarding medical benefits is not supported by substantial evidence, is contrary to law, and is reversed.

LEHMAN, Chief Justice, dissenting, with whom MACY, Justice, joins:

Because I believe the hearing examiner's decision awarding benefits is supported by substantial evidence, I respectfully . dissent.

Applying Wyo. Stat. Ann. § 27–14–603 (LEXIS 1999)[1], the hearing examiner found that Borchert's shoulder injury had occurred over a substantial period of time. Disregarding this finding, the majority redecides the issue, concluding Borchert's injury resulted from a single occurrence on or about April 22, 1995. This finding in hand, the majority then applies the statute of limitations found in Wyo. Stat. Ann. § 27–14–503(a) (Michie 1996 Supp.) (amended 1996)[2] to reverse the hearing examiner's award of benefits. Because I believe the hearing examiner's finding—that Borchert's injury was one occur-

---

1. Section 27–14–603(a) provides:
   (a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:
   (i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;
   (ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;
   (iii) The injury can fairly be traced to the employment as a proximate cause;
   (iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

   (v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

2. Before its amendment in 1996, § 27–14–503(a) provided:

   (a) A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the reports of the accident, an application or claim for benefits is filed within one (1) year after the date the accident occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The report of accident is not a claim for benefits.

ring over a substantial period of time—is supported by substantial evidence, I would conclude his claim was timely under Wyo. Stat. Ann. § 27–14–503(b) (LEXIS 1999).[3]

In *Big Horn Coal Co. v. Wartensleben,* 502 P.2d 187, 188 (Wyo.1972), this court wrote:

[W]here an employee in the course of his employment sustains an apparent trivial injury which does not result in present disability and which would not reasonably be expected to cause future disability, but which injury in fact over a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer runs from the time when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability.

*See also Mitchell v. State Recreation Comm'n Snowmobile Trails,* 968 P.2d 37, 40 (Wyo.1998). The determination of whether an injury was a single occurrence injury or an injury which appeared over time is one of fact. *Murray v. State ex rel. Wyoming Workers' Safety & Compensation Div.,* 993 P.2d 327, 330 (Wyo.1999). We

"afford respect and deference to an administrative agency's findings of fact if they are supported by substantial evidence. *Aanenson v. State ex rel. Wyoming Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992) (quoting *State ex rel. Wyoming Worker's Compensation Div. v. White,* 837 P.2d 1095, 1098 (Wyo.1992)). 'Substantial evidence' is a term of art, best described as 'relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion.' *Casper Oil Co. v. Evenson,* 888 P.2d 221, 224 (Wyo.1995). Further, we consider only that evidence favoring the party prevailing below, leaving out of consideration conflicting evidence. *Wyoming Steel and Fab, Inc. v. Robles,* 882 P.2d 873, 876 (Wyo.

1994) (quoting *Matter of Injury to Carpenter,* 736 P.2d 311, 312 (Wyo.1987))." *Haagensen v. State ex rel. Wyoming Workers' Compensation Div.,* 949 P.2d 865, 867 (Wyo.1997) (quoting *Coleman v. State ex rel. Wyoming Workers' Compensation Div.,* 915 P.2d 595, 598 (Wyo.1996)).

The hearing examiner made the following findings:

5. The Division and the Employer contend that the general nature of Claimant's injury, if caused by the incident in April of 1995 would have been readily apparent to him at that time. However, Claimant testified at the hearing that he did not realize he suffered an injury while lifting the heavy carpet and other materials, as it was a common occurrence for him to feel and hear "popping" in his shoulders. Although he initially suffered some soreness from the incident the soreness went away after a weekend of rest.

6. Claimant underwent a periodical company physical in May 1995 pursuant to the practice of the company to conduct regular physicals. The examining phys[ician] indicated that the Claimant was able to continue working.

7. After April 1995, the Claimant began experiencing increasing aches and pains in the area of his shoulders, culminating in quite severe pain in the summer of 1996. Although Claimant's testimony at the hearing does not comport in all respects with the accident report, the Office will find that, based upon the deposition of the treating physician Dr. Biddulph, the alleged injury is one occurring over a substantial period of time and that the application of benefits was filed within one year after the preliminary diagnosis was made known to the Claimant.

Instead of deferring to the hearing examiner on these findings, the majority writes: "We do not find substantial evidence to sup-

---

3. Section 24–14–503(b) provides:

(b) The right of compensation for an injury which occurs over a substantial period of time is barred unless a claim for benefits is filed within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious workplace exposure to the condition causing the injury, whichever occurs last, excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within one (1) year after a diagnosis of the medical condition is first communicated to the employee or if death occurs without the communication of a diagnosis to the employee, a claim shall be filed within one (1) year after the date of death.

port the hearing examiner's finding that Borchert's injury was not readily apparent on April 22, 1995." However, Borchert testified that he did not believe he had reinjured his shoulder at that time. When asked why he did not think he had reinjured himself, Borchert attributed his soreness and pain to his arthritis—which leaves him in constant pain—and the effects of the weather. Although he testified he knew he had overexerted himself and he was sore for the weekend, the soreness went away after a few days. He also testified he thought he had just pulled some muscles and did not think the pain was significant enough to seek medical treatment. There is ample evidence to support the hearing examiner's finding that the injury was one occurring over a substantial period of time.

The only way the majority can avoid affirmance is to question Borchert's credibility: "Only under oath does Borchert's testimony become equivocal." It first seizes on Borchert's injury report, where he reported his injury was caused by unloading the roll of carpet on April 22, 1995. However, when Borchert's statement on the injury report is taken in its entirety, the majority's position becomes far less persuasive. On his injury report, Borchert wrote that his injury was caused by "[e]xcessive strain from unloading large roll of carpet, then weekly continued aggr[a]vation from unloading freight by hand." On an attachment to the injury report, he wrote that the "initial strain" occurred April 22, 1995. Because Borchert refers to the events of April 22, 1995, as the initial strain, and because he asserted that continued aggravation caused his injury, his injury report, when viewed in his favor, can be read to support the hearing examiner's finding that the injury was sustained over a substantial period of time.

Even when viewing the injury report as the majority does, it merely presents questions of credibility and of the weight to be given evidence—questions traditionally reserved for the hearing examiner, not for this court upon review of a cold record. It is well settled that the hearing examiner, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Bando v. Clure Bros. Furniture*, 980 P.2d 323, 331 (Wyo.1999); *Morgan v.*

*Olsten Temporary Services*, 975 P.2d 12, 15 (Wyo.1999); *Gonzales v. State ex rel. Wyoming Workers' Compensation Div.*, 970 P.2d 865, 870 (Wyo.1998); *E.H. Oftedal & Sons, Inc. v. Thompson*, 966 P.2d 977, 981 (Wyo. 1998); *Everheart v. S & L Industrial*, 957 P.2d 847, 852 (Wyo.1998); *Pederson v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo.1997); *Corman v. State ex rel. Wyoming Workers' Compensation Div.*, 909 P.2d 966, 971 (Wyo.1996); *Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 711 (Wyo.1995); *Hepp v. State ex rel. Wyoming Workers' Compensation Div.*, 881 P.2d 1076, 1079 (Wyo.1994). Even if Borchert equivocates, I cannot accept the majority's entry into the business of reweighing evidence and redetermining credibility.

The second issue involves the timeliness of Borchert's request for a hearing. The hearing examiner wrote:

Due to the conflicting testimony and evidence concerning the dates that the Final Determination was written, mailed by the Division, received by the Claimant, the date that the Claimant prepared his response and mailed the same, the Office will conclude that the Claimant's request for hearing was made in a timely manner.

There are two important facts that support the hearing examiner's determination. First, there is Borchert's testimony that he did not receive the Final Determination until a few days before a response was due and that he sent it overnight mail, via Federal Express, two days before the deadline. Second, there is nothing in the record to establish when the Division mailed the final determination to Borchert. Wyo. Stat. Ann. § 27–14–601(k)(iv) (LEXIS 1999). Again, only by disbelieving or ignoring Borchert's testimony can the majority find that the hearing examiner's findings are not supported by substantial evidence. My review of the record satisfies me that the hearing examiner's determination—that Borchert's request for a hearing was timely—is supported by substantial evidence.

I respectfully dissent.